STATE of Missouri, Respondent,

v.

Lee Odith WICKLINE, Appellant.

No. 12623.

Missouri Court of Appeals,
Southern District,
Division One.

March 1, 1983.

John D. Ashcroft, Atty. Gen., Sandra K. Stratton, Asst. Atty. Gen., Jefferson City, for respondent.

Allan C. Wilcox, Joplin, for appellant.

TITUS, Judge.

As a persistent offender (§ 558.016 [1]), defendant was jury-convicted of burglary in the first degree which is a class B felony. § 569.160. He was court-sentenced to a 30 year term of imprisonment and appealed.

Anthony Spruk testified for the state that he was in a Joplin bar near 2:15 a.m. October 28, 1981, with his wife who was employed to clean the premises after closing. He heard the grate in a ceiling vent fall to the floor. Upon investigation, Spruk found defendant hanging from the hole and pulled him therefrom. In the ensuing tussle defendant hit Spruk with a crowbar and bit him. However, Spruk subdued defendant and held him until police arrived in response to the wife's telephone summons. In addition to the crowbar, defendant was armed with a hand ax, channel lock pliers and two screwdrivers. To the contrary, defendant testified he stopped his car on a parking lot near the bar to heed a call of nature when Spruk, whom he knew by sight, called to him from the front of the bar to "come here." Defendant entered the bar and was being shown a hole in the ceiling when Spruk, without warning, attacked him.

Defendant's sole point relied on upon appeal: "The trial court committed reversible error by overruling defendant's motion for mistrial when the prosecuting attorney, during opening statements, stated to the jury that if the defendant cannot prove any reason for being in the place, then the state has shown burglary in the first degree, thus violating defendant's right against self-incrimination."

The point arose in this fashion. In making his opening statement, the assistant

---

1. Statutory references are to RSMo 1978.

prosecuting attorney outlined what Mr. Spruk's expected testimony would be in more detail than we have undertaken, supra. Upon completing the outline the state's attorney then declaimed: "If the State shows that sequence of events, and [the defendant] can't prove any reason for being in the place, by authority or by any other explainable reason, we will have shown you that burglary in the first degree has occurred." Defendant's counsel out of the hearing of the jury objected and moved for a mistrial and the court, also out of the jury's hearing, said, "I will sustain the objection, the part of the opening statement is not proper, and the defendant is not required to prove anything. I will so instruct the jury, tell them to disregard that. However, I will overrule the motion for a mistrial." The court, in the jury's hearing, then stated: "All right, the objection to the last remark made by the Prosecutor is sustained. The jury is instructed to disregard that remark, and advises that it's up to the State to prove all of the elements of their charge, and the defendant does not have the obligation to prove anything."

Defendant relies principally upon *State v. Lindsey*, 578 S.W.2d 903 (Mo. banc 1979), a 4 to 3 decision of our Supreme Court. In *Lindsey* on voir dire of the jury the assistant prosecutor in commenting upon the presumption of defendant's innocence and the state's burden of proof and going forward with evidence stated: "[Defendant] doesn't have to go forward with any evidence if he doesn't wish to. He doesn't have to take the stand if he doesn't want to ____." Defendant's objection to the quoted statement was sustained but his motion for a mistrial, because the prosecutor's declamation constituted a comment on his failure to testify and had the effect of compelling him to testify, was denied. In reversing the court nisi and remanding for a new trial, the majority in *Lindsey* held the assistant prosecutor's remarks had the effect of either coercing the defendant to testify or inducing him to remain silent with knowledge that the jury at the outset had been challenged to observe whether or not defendant would take the stand under the goad of the prosecutor's statement. The opinion in *Lindsey* does not contain any indication that after the trial court sustained defendant's objection to the prosecutor's statement that it pointedly thereafter admonish the jury to disregard the remark with a reason therefrom as was done by the court in the instant case.

■ Art. I, § 19 of the Missouri Constitution provides "That no person shall be compelled to testify against himself in a criminal cause . . . ." This provision prohibits direct or indirect comment on the failure of defendant to testify. A direct and certain reference to the defendant's failure to testify would be considered as satisfying the test. To "constitute an indirect reference, the comment, when viewed in context, must be of a type which would cause a jury to infer that the remark was a reference to the accused's failure to testify" [*State v. Reed*, 583 S.W.2d 531, 534[5] (Mo.App. 1979)] or as stated in *Lindsey*, supra, at 904, to call upon the jury to keep check on whether defendant did or did not later testify.

■ In considering defendant's claim of an improper comment on defendant's right to remain silent the court on appeal must view the challenged comment in the context in which it appears. The prejudicial impact of such a statement is a matter within the sound discretion of the trial court and a prompt instruction by the trial court to the jury to disregard the comment may cure any error in a particular case. *State v. Dick*, 636 S.W.2d 425, 428[11] (Mo. App.1982).

In this case, as previously indicated, the defendant did testify on his own behalf that he was on the bar premises at the time in question at the invitation of Mr. Spruk.

■ To us, at least, the state's assertion in opening argument that unless the defendant could prove a legitimate reason for

being in the bar at the time in question then the state has proved first degree robbery, was not an indirect or direct reference to defendant's failure to testify or to alert the jury to be on the lookout as to whether defendant did or did not actually testify. Neither do we believe this remark compelled defendant to testify. Remembering that the comment was made in the opening statement before any testimony had been offered and the jury's understanding of the facts had a chance to jell, that (per MAI–CR 2d) the court instructed the jury that "The opening statements of attorneys are not evidence," and that the court immediately instructed the jury to disregard the remark because "the defendant does not have the obligation to prove anything," we are of a mind that the prosecutor's statement, especially under the facts presented, could not have had such an effect upon the jury as to have denied defendant a fair trial. *State v. Brueckner,* 617 S.W.2d 405, 410[5, 6][7] (Mo.App.1981).

Judgment affirmed.

GREENE, C.J., and CROW, J., concur.

FLANIGAN, P.J., concurs in result only.