**STATE of Missouri, Respondent,**

v.

**Ronald Lee NEFF, Appellant.**

No. 80699.

Supreme Court of Missouri,
En Banc.

Nov. 3, 1998.

Robert W. Evenson, Evenson, Carlin & LePage, Pineville, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Barbara K. Chesser, Asst. Atty. Gen., Jefferson City, for Respondent.

1. All statutory references are to RSMo 1994, and all rule references are to Missouri Court Rules

HOLSTEIN, Judge.

Following an automobile accident on June 3, 1995, Ronald Lee Neff (defendant) was charged with four counts of the class C felony of assault in the second degree, section 565.060.1(4).[1] The information alleged that defendant, while under the influence of alcohol, caused physical injury to four people, by pulling into an intersection when another vehicle was approaching so closely as to constitute an immediate hazard, and that he did so with criminal negligence. A jury convicted him of all four counts, and he was sentenced to six months in the county jail and assessed a $1,000 fine on each count.

On this appeal, defendant contends that the trial court erred in not granting his motion for a mistrial when the prosecutor, while objecting to the closing argument by defendant's attorney, referred to defendant's failure to testify. Under the circumstances of this case, we affirm.

Defendant based his contention on the following exchange, which occurred during the state's closing argument:

> [Defendant's attorney Jack Yocum]: Now, you can make him out a real bad criminal, with no evidence of any criminal activity ever before in his life. None whatever. Or your can—

> [Prosecutor]: Judge, I'll object to that. There is no evidence of that. And you—

> [Defendant's attorney Jack Yocum]: No, there isn't. That's why I'm arguing it.

> [Prosecutor]: Well, he didn't take the stand, Judge. I mean, there was no evidence—

> [Defendant's attorney Jack Yocum]: Wait a minute.

> [Prosecutor]: There is no evidence of that.

> [Defendant's attorney Jack Yocum]: Okay. Let's get a mistrial.

(At this time counsel approached the bench, and the following proceedings were had:)

(1998), unless otherwise indicated.

[Defendant's attorney Jack Yocum]: We'd move for a mistrial, Judge. We'd like to make a record on that right now.

[The Court]: Okay.

[Defendant's attorney Robert Yocum]: Go ahead and

[Defendant's attorney Jack Yocum]: Yeah. I'd like to move for a mistrial because the Prosecuting Attorney has just said the Defendant did not take the witness stand, and that's an improper inference. And we'd move for a mistrial immediately, Judge.

[Prosecutor]: I'm not making any inference, Judge. He just said he didn't have a criminal record. That's not—That's not even true. We would have brought that in at the time—

[Defendant's attorney Jack Yocum]: Mistrial—

[The Court]: I understand that.

[Prosecutor]: So what I'm saying is, Judge, it's—

[Defendant's attorney Robert Yocum]: That's irrelevant here what the— We do—

[Defendant's attorney Jack Yocum]: We—

[Defendant's attorney Robert Yocum]: We're entitled to a mistrial. He just turned over to the jury again. The jury can—

[Defendant's attorney Jack Yocum]: He just said— It was all so the jury can hear that.

[Prosecutor]: They are not entitled to a mistrial on these points.

[Defendant's attorney Jack Yocum]: Yes, we are. (Inaudible) mistrial.

[Defendant's attorney Robert Yocum]: Yes, we are. We're— That's absolutely true.

[Prosecutor]: Well, I know you're going to say that. You're going to say whatever you need to say.

[Defendant's attorney Jack Yocum]: You bet we are. We're going to tell the truth at this trial.

[The Court]: You— Okay.

[Prosecutor]: Mistrial at the—

[Defendant's attorney Robert Yocum]: I move for mistrial, Judge.

[The Court]: Well—

[Prosecutor]: I did not comment on what he said or what he did.

[Defendant's attorney Jack Yocum]: Yes, you did.

[Defendant's attorney Robert Yocum]: You just now—

[Defendant's attorney Jack Yocum]: You just did.

[Defendant's attorney Robert Yocum]:— Loud enough for the jury to hear.

[The Court]: Okay. Gentlemen, based on what I observed and what I heard, I don't believe that a mistrial is the appropriate remedy at this time. Your request for a mistrial will be overruled.

[Defendant's attorney Robert Yocum]: We move the Court to admonish to— the jury disregard the Prosecutor's statement.

[Defendant's attorney Jack Yocum]: Entirely.

[Defendant's attorney Robert Yocum]: Entirely.

[Prosecutor]: Well, and would then the Court admonish the defense not to talk about evidence that is nonexistent and not to—

[Defendant's attorney Jack Yocum]: We're not talking about evidence—

[Prosecutor]:— and not to personalize to the jury as he has been doing. I haven't objected to it, yet.

[The Court]: Well, that— That's your job. But, gentlemen— Mr. Prosecutor, stay with me. I think it's improper to talk about the record or an absence of a record at this point in the trial based on what occurred during the trial. So I would admonish both sides not to talk about Defendant and possible record— criminal record.

[Prosecutor]: Judge, are you—

[Defendant's attorney Robert Yocum]: Are you going to admonish the jury to disregard the statements of the Prosecutor, Judge?

[The Court]: Oh, yeah.

[Defendant's attorney Jack Yocum]: We didn't take the witness stand.

[The Court]: Yeah. I'm not going to mention the words—

[Defendant's attorney Jack Yocum]: Oh.

[The Court]:— because I don't want to bring attention to it.

[Defendant's attorney Jack Yocum]: Okay.

[Defendant's attorney Robert Yocum]: All right.

[The Court]: Okay.

[Defendant's attorney Robert Yocum]: Would you admonish that I— You have overruled the motion that I (inaudible).

(Proceedings returned to open court.)

[The Court]: Okay. The Court will admonish the jury that the last remark made by the Prosecutor will be disregarded by the jury.

(At this time counsel approached the bench, and the following proceedings were had: )

[Defendant's attorney Robert Yocum]: And next is a motion for mistrial.

[The Court]: Yeah. Well—

[Defendant's attorney Robert Yocum]: I moved for a mistrial. That's— I'm obligated to make the record.

[The Court]: Oh, sure. And the Court will deny your request.

[Defendant's attorney Robert Yocum]: Very well.

[The Court]: Okay.

 On this appeal, defendant contends that the prosecutor's remark "he didn't take the stand" was an improper reference to his failure to testify in his own defense. The Fifth Amendment to the United States Constitution, article I, section 19 of the Missouri Constitution, section 546.270 and Rule 27.05(a) all grant criminal defendants the right not to testify and forbid comments by others on the exercise of that right. *State v. Arnold*, 628 S.W.2d 665, 668 (Mo.1982). A direct reference to an accused's failure to testify is made when the prosecutor uses words such as "defendant," "accused" and "testify" or their equivalent. *State v. Lawhorn*, 762 S.W.2d 820, 826 (Mo. banc 1988). An indirect reference is one reasonably apt to direct the jury's attention to the defendant's failure to testify. *Id.* Where an objection is made and overruled, a direct reference to the failure of the defendant to testify will almost invariably require reversal of the conviction, but an indirect reference requires reversal only if there is a calculated intent to magnify that decision so as to call it to the jury's attention. *Id.*

Section 546.270 was first enacted in 1877. 1877 Mo. Laws 356.[2] Its primary purpose was to negate the common law rule that a defendant could not testify in his own defense. See *State v. Chyo Chiagk*, 92 Mo. 395, 4 S.W. 704, 707–08 (1887). It also preserved the pre-existing constitutional prohibition against commenting on a defendant's exercise of his right to remain silent.

By its terms, this statute does not mandate a mistrial in every case where there is a reference, direct or otherwise, to a defendant's failure to testify. Neither has this Court held that a direct reference always requires a mistrial. For example, it is hard to imagine a more direct reference to the defendant's failure to testify than for the trial court to give a jury an instruction on the subject. Yet, this Court has held, on more than one occasion, that the trial court did not err in instructing the jury not to consider the fact that the defendant had not testified even when the defendant objected to such an instruction. *State v. Smart*, 485 S.W.2d 90, 95 (Mo.1972); *State v. DeWitt*, 186 Mo. 61, 84 S.W. 956, 957 (1905); see also *State v. Hutchinson*, 458 S.W.2d 553, 556–59 (Mo. banc 1970) (Donnelly, concurring).[3] In current practice, the defendant alone may make the decision to give such an instruction. Rule 27.05(b); see also MAI–CR 308.14(3d). No sound historical argument, rooted in the statute or the precedent of this Court, supports

2. The revisor, in 1879, split this act into two sections, now codified at sections 546.260 and 546.270.

3. *Cf. State v. Barker*, 399 S.W.2d 1, 3 (Mo.1966), wherein it was held not error to refuse a similar

instruction at defendant's request. In *Hutchinson,* Judge Donnelly observed that it was not error to give or refuse to give an instruction on this point. 458 S.W.2d at 557.

the sweeping claim that regardless of the circumstances, a direct reference to the defendant's failure to testify mandates a mistrial.

Similarly, several cases have held that, although a direct reference was made to a defendant's failure to testify, in the absence of a timely objection, the error would not be considered. *State v. Kempker*, 824 S.W.2d 909, 911 (Mo. banc 1992); *State v. Dees*, 916 S.W.2d 287, 296 (Mo.App.1995); *State v. Dewey*, 869 S.W.2d 834, 838 (Mo.App.1994). These cases point out that the reason for the timely objection requirement is clear, "[h]ad objection been made, the trial judge could have taken appropriate steps to make correction." *Kempker*, 824 S.W.2d at 911 (Mo. banc 1992). "[T]he prejudice from such comments can normally be cured by an instruction to the jury." *Dees*, 916 S.W.2d at 296. If the prejudice were not immediately correctable short of mistrial, the requirement of a timely objection would be illogical.

When considering a defendant's claim of an improper comment on his right to remain silent, the appellate court must also consider the comment in the context in which it appears. *State v. Wickline*, 647 S.W.2d 929, 931 (Mo.App.1983). "The prejudicial impact of such a statement is a matter within the sound discretion of the trial court and a prompt instruction by the trial court to the jury to disregard the comment may cure any error in a particular case." *Id.*; see also *Hutchinson*, 458 S.W.2d at 556 (Mo. banc 1970); *State v. Tiedt*, 360 Mo. 594, 229 S.W.2d 582, 588 (1950). Judicial discretion is deemed abused only when a trial court's ruling is clearly against the logic of the circumstances then before it and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. *State ex rel. Webster v. Lehndorff Geneva, Inc.*, 744 S.W.2d 801, 804 (Mo. banc 1988).

In the present case, the trial court took prompt and appropriate remedial action to protect defendant. It, in effect, granted defendant's objection by instructing the jury "the last remark made by the Prosecutor will be disregarded". We hold, according to the prevailing rule in Missouri, that the trial court's grant of defendant's objection and its admonition to the jury sufficiently cured any harm the prosecutor's remarks may have inflicted upon defendant.

Defendant relies primarily upon two decisions of the Missouri Court of Appeals, Eastern District, in support of his contention that the declaration of a mistrial was the only remedy available to the trial court. See *State v. Bulloch*, 785 S.W.2d 753, 755 (Mo. App.1990) (citing *State v. Chunn*, 657 S.W.2d 292, 294 (Mo.App.1983)). *Chunn* relies, in turn, upon *State v. Shuls*, 329 Mo. 245, 44 S.W.2d 94, 96 (1931), for its statement that an admonition such as the one given in the present case is "not a sufficient remedy for the harm that resulted from the direct reference to defendant's failure to testify." 657 S.W.2d at 294. However, *Shuls* simply does not stand for the proposition Chunn claims it does. In *Shuls*, the prosecutor made two improper references to the defendant's failure to testify. 44 S.W.2d at 96. Defendant timely objected to both. *Id.* The trial court overruled the first objection. *Id.* As for the second, a more direct reference to the defendant's failure to testify, the trial court sustained the objection and directed the jury to disregard the prosecutor's remarks. *Id.* This Court concluded:

> If the latter occurrence were all that defendant had to complain of we should be inclined to hold that it was not reversible in view of the court's ruling and the fact that defendant himself had called the jury's attention to the fact that he had not testified by requesting the instruction... But the court on that occasion promptly sustained defendant's objection when counsel for the state started to comment, told the jury to disregard the attorney's remarks, and in effect reprimanded him. Thus so far as that episode is concerned we think there was no reversible error.

44 S.W.2d at 96–97. *Shuls* continued on to hold that the first comment, defendant's objection to which was overruled by the trial court, mandated reversal. 44 S.W.2d at 97. *Shuls*, therefore, does not stand for the proposition that prompt and timely remedial action, short of a mistrial, taken by a trial court

in response to an improper comment on an accused's failure to testify is insufficient. Indeed, it suggests the opposite is true.[4] This Court refuses to follow the extreme rule invented in Chunn that an isolated direct reference to a defendant's failure to testify mandates reversal regardless of corrective action taken by the trial court. Moreover, to sustain Chunn would be inconsistent with the more recent precedent of this Court, Kempker, and its progeny. Therefore, to the extent they conflict with this opinion, Chunn and Bulloch are overruled.

There are, of course, cases in which the prosecutor's remarks are so egregious or the trial court's admonition so ineffective that this Court has held only a new trial is sufficient to remedy them. In State v. Snyder, the prosecutor made repeated references to the defendant's failure to testify despite the trial court's admonitions. 182 Mo. 462, 82 S.W. 12, 31 (1904). Moreover, the trial court pointed out the defendant's failure and quoted from the statute in the course of its admonition, thereby "accentuat[ing] the allusion." 82 S.W. at 32. Therefore, reversal for a new trial was required. Id. In another case, the prosecutor made repeated, direct statements that neither defendant nor his wife had testified and continued down the same course of argument despite the trial court's grant of defendant's objection. State v. Watson, 1 S.W.2d 837, 840–41 (Mo.1927). Watson pointed out that "a record may present a state of facts and circumstances permitting the court to say that an allusion to the failure of defendant or his or her spouse to

testify was not prejudicial error," but the peculiar facts of the case at bar warranted reversal. 1 S.W.2d at 840.

Notwithstanding these few egregious cases, most cases are consistent with the general rule acknowledging the power of the trial court to cure error with proper instruction and generally reversing only in cases of an overruled objection. See, e.g., State v. Carter, 847 S.W.2d 941, 946 (Mo.App.1993); State v. Cheek, 760 S.W.2d 162, 164 (Mo.App. 1988). In a recent case, this Court noted "[t]he trial judge acted within its authority in judging the effect of the argument on the jury and the adequacy of the corrective measures taken" after an objection to an improper argument had been made and sustained and the jury instructed to disregard it. State v. Williams, 673 S.W.2d 32, 35 (Mo. banc 1984); see also State v. Rothaus, 530 S.W.2d 235, 237–38 (Mo. banc 1975) (distinguishing Lindner); State v. Sechrest, 485 S.W.2d 96, 99 (Mo.1972) (distinguishing Snyder). Kempker noted that a trial court, faced with a direct comment on a defendant's failure to testify, could nevertheless "consider the state of the evidence and the apparent effect on the jury and ... conclude that it would be sufficient to sustain the objection and then caution the jury". 824 S.W.2d at 911. It is demeaning to our jury system to assume that Missouri jurors are universally too ignorant or biased to follow the trial court's direction to disregard an isolated comment made during an objection. Moreover, it is absurd to conclude that Missouri trial judges have suf-

---

4. Cases upholding the traditional rule that an admonition to the jury is generally sufficient and that reversal is only required where a proper objection has been overruled include: State v. Graves, 95 Mo. 510, 8 S.W. 739, 742 (1888) (improper reference, defendant's objection to which was overruled, grounds for reversal); State v. Fitzgerald, 130 Mo. 407, 32 S.W. 1113, 1121 (1895) (admittedly improper reference which was promptly attended to by trial court by means of jury direction was not grounds for reversal); State v. Weaver, 165 Mo. 1, 65 S.W. 308, 311 (1901) (repeated, direct references, objections to which the trial court overruled, mandated reversal); State v. Shouse, 188 Mo. 473, 87 S.W. 480, 482 (1905) (references made, objected to and objections overruled); State v. Kelleher, 201 Mo. 614, 100 S.W. 470, 474 (1907) (proper instruction of jurors as to improper reference sufficient to cure error); State v. Drummins, 274

Mo. 632, 204 S.W. 271, 275 (1918) (reversal where trial judge did not sustain the well taken objection of defendant to improper reference); State v. Conway, 348 Mo. 580, 154 S.W.2d 128, 132 (1941) (improper comment on defendants' failure to testify was grounds for reversal although a "proper rebuke from the court to offending counsel, timely, adequate withdrawal by counsel or ... an instruction from the court" would have sufficiently cured the infringement); State v. Lindner, 282 S.W.2d 547, 550 (Mo.1955) (objection overruled, reversed); State v. Gregg, 399 S.W.2d 7, 11 (Mo.1966) (trial court's admonition sufficient to cure any error arising out of prosecutor's remark that "defendant didn't deny" charges against him); State v. Busby, 486 S.W.2d 501, 505 (Mo.1972) (admonition was sufficient to cure error and "trial court did not abuse its discretion in failing to invoke the drastic remedy of declaring a mistrial.").

ficient discretion to determine an appropriate response to improper comments except in this one instance in which our trial bench is uniformly incompetent to exercise its otherwise sound judgment and must order a mistrial. In the present case, the prosecutor's comment is isolated, not directed at the jury, and not obviously intended to poison the minds of the jurors against the defendant. *Lawhorn*, 762 S.W.2d at 826. In fact, the prosecutor's mistake may have been invited by defendant's preceding improper argument. See *United States v. Robinson*, 485 U.S. 25, 31–33, 108 S.Ct. 864, 99 L.Ed.2d 23 (1988) (defense can open the door to permissible comment on a defendant's failure to testify). Thus, no sound reason exists to apply a special rule of mandatory new trial rather than defer to the trial court's discretion to take immediate corrective action.

 This Court does not take lightly defendant's claims nor do we mean to endorse the prosecutor's comments. Obviously, if an objection to a prosecutor's direct reference is made and overruled, a new trial will be ordered on appeal. However, we must defer to the trial court's discretion where the objection is sustained and immediate remedial action taken. It is important to remember that declaring a mistrial is a drastic remedy not to be lightly granted, and we cannot say the trial court acted capriciously or without careful consideration in deciding to address the disputed remarks as it did. We hold that an abuse of discretion in denying the mistrial has not been demonstrated under the circumstances of this case. The judgment is affirmed.

BENTON, C.J., PRICE, LIMBAUGH, COVINGTON and WOLFF, JJ., concur.

WHITE, J., dissents in separate opinion filed.

WHITE, Judge, dissenting.

The principal opinion accuses the *Chunn* court of "inventing" the "extreme rule ... that an isolated direct reference to a defendant's failure to testify mandates reversal

regardless of corrective action taken by the trial court." *Chunn* says no such thing. If, as the principal opinion claims, *Chunn* stands for the proposition that a mistrial is automatically required whenever the prosecutor directly refers to the defendant's exercise of his constitutional right not to testify, then the court's careful weighing of the prejudicial impact of the particular statements in the specific case at issue would be superfluous:

In a close case errors resulting from prosecutor's statements warrant reversal. This was a close case. The jury deliberated for approximately seven hours and reached a verdict on only one of the two counts. We cannot conclude that the direct reference did not affect the jury's deliberations even though the jurors were told to ignore the prosecutor's statement and were instructed that defendant was not required to testify. Nor can we permit prosecutors to place defendants who have the constitutional right not to testify, in a position where they risk conviction if they do not explain apparently incriminating circumstances.[1]

The *Chunn* court did not apply a "special" automatic mistrial rule. As the case explicitly holds "[i]nstructions to juries to disregard prosecutor's statements have sometimes remedied the violations of defendant's rights."[2] *Shuls* is not cited, as the principal opinion claims, for the proposition that a mistrial is required in every case, but rather for the entirely unremarkable proposition that an admonishment to the jury may, under some circumstances, be insufficient to correct the prejudice generated by a prosecutor's improper comment. *Chunn* is only objectionable if the Court intends to hold that the trial court's failure to grant a mistrial can never be reversible error. I consider that to be a much more extreme rule than that actually adopted in *Chunn*.

Given that the principal opinion frames the question in such a distorted fashion, it is remarkable that it has such little success in contradicting the notion that a direct reference by the prosecutor always requires a

---

**1.** *State v. Chunn,* 657 S.W.2d 292, 295 (Mo.App. 1983).

**2.** *Id.* at 294.

mistrial. While the statute prohibiting such comment is more than one hundred twenty years old, the principal opinion does not cite a single case where a conviction was affirmed despite a direct comment, properly objected to, by the prosecution on the defendant's right against self-incrimination. Instead, the principal opinion obfuscates the issue by citing numerous cases that are clearly inapposite.

Initially, for instance, the principal opinion cites several cases where the court, as opposed to counsel, refers to the defendant's silence as refuting the supposed argument that "regardless of the circumstances, a direct reference to the defendant's failure to testify mandates a mistrial." These cases are simply irrelevant to the issue, since the statutory prohibition at issue here prohibits references "by any attorney in the case. . . . "[3] While this Court did once allow the trial court to instruct the jury to disregard defendant's silence whether or not defendant objected and continues to find such instruction proper with defendant's agreement, this Court has always distinguished these instructions, as the statute does, from references by counsel for the State.[4] As the principal opinion reiterates, references by counsel are always improper. I do not understand how the fact that the Court refused to require a mistrial based on remarks that were, at the time, considered proper comment, informs the issue of what is an adequate remedy to correct what are admitted here to be improper, direct comments, by opposing counsel, on the defendant's invocation of his constitutional right to silence.

Similarly, the refusal of this Court to require a mistrial in cases where the defendant never asked for one do not control what should be done in cases where a mistrial is promptly requested. As *Kempker* notes, a rule that requires the trial court to interrupt closing argument and *sua sponte* declare a mistrial presents "myriad problems."[5] Not

least of these problems is the fact that such a rule would preclude the defendant from assessing the prejudicial impact of such a remark on the jury and opting to forgo a mistrial and choosing to request some lesser remedy like an admonishment, or indeed from choosing, as a strategic matter, to forgo any objection whatsoever. *Kempker* can easily be read to hold merely that the defendant is not entitled to two bites at the apple, and cannot hope for a favorable jury verdict, but later claim that the argument was so prejudicial as to require a mistrial. Even assuming that this plain error standard is relevant here, where proper objection was made, this means only that, as *Chunn* itself holds, a prejudicial remark may, in some circumstances, be corrected by a trial court admonishment. Nevertheless, *Kempker* provides no guidance on the question of when such an admonishment is sufficient to correct an error timely objected to.

Next, the principal opinion cites *State v. Wickline* for the proposition that: "The prejudicial impact of such a statement is a matter within the sound discretion of the trial court and a prompt instruction by the trial court to the jury to disregard the comment may cure any error in a particular case."[6] The problem with this citation is that the statement at issue in *Wickline* "was not an indirect or direct reference to defendant's failure to testify. . . ."[7] Indeed, the defendant in that case actually testified on his own behalf.[8] Again, I do not see how the refusal of an appellate court to order a retrial due to statements that were deemed proper has any bearing on the issue of whether a mistrial is required to correct the prejudice from an admittedly improper direct reference by the prosecutor. In a similar vein, I believe the principal opinion's reliance on *United States v. Robinson* is misplaced. The holding of that case is that (at least as a matter of federal constitutional law—the

---

**3.** Section 546.270, RSMo 1994.

**4.** *See, e.g., State v. DeWitt,* 186 Mo. 61, 84 S.W. 956, 957–58 (Mo.1905).

**5.** *State v. Kempker,* 824 S.W.2d 909, 911 (Mo. banc 1992).

**6.** 647 S.W.2d 929, 931 (Mo.App.1983).

**7.** *Id.* at 932.

**8.** *Id.* at 931.

Missouri statute offers broader protection[9]) comment by the prosecutor on the defendant's silence is, under some circumstances, proper retaliation.[10] Again, the principal opinion conflates the question of what constitutes improper comment with the entirely distinct question of what the appropriate remedy for improper comment should be. Since the State admits that this was a direct reference by the prosecutor, and the principal opinion concedes that such references are always improper under Missouri law, only the second issue is presented in this case.

As to that issue, the ten cases cited in footnote 4 of the principal opinion support only one half of the "traditional rule" the majority cites them for. That is, they unambiguously support the notion that reversal is required when an objection is made and overruled. But again, this is not at issue here. The question is whether the cases support the quite different notion that reversal is *only* required if an objection is overruled. Of the cited cases, the three where convictions were affirmed are clearly distinguishable from the situation here. In these cases, the disputed remarks were either found by this Court not to be a reference to the defendant's failure to testify,[11] or, in one case that seems particularly irrelevant, the disputed remark apparently occurred after defendant had already testified.[12] Thus, despite its thorough review of the long history of this area of the law, the principal opinion cannot find a single case that would actually demonstrate this supposedly traditional rule, one case where a conviction was affirmed despite a properly objected to, direct reference by the prosecutor to the defendant's failure to testify.

The point of illustrating that the majority's supposedly general rule has never actually been followed is not to argue that the law automatically, blindly, requires a mistrial in every case where such a reference occurs. The point is to demonstrate that, in more than a century of considering these sorts of cases, our courts have, to this point, found it extremely difficult to fashion a remedy that corrects the clear prejudice created by a prosecutor's direct, certain comment on a defendant's failure to testify. Even accepting the majority's point that a mistrial is not the automatic result of such a reference, I cannot understand how the majority can hold that the remedial action taken by the trial court here was adequate to correct an admitted violation of the law and of the privilege against self-incrimination. It is conceded that the remark was a direct reference, and, as the majority holds, such a reference, when objected to, requires reversal if the objection is overruled. I submit that there is no effective difference between what actually happened in this case and the overruling of an objection. The trial court did not specifically rule on defendant's objection, and since this colloquy was (apparently) out of the hearing of the jury, the question of whether the objection was overruled or not is immaterial. What is relevant is what the jury heard. The entire admonishment of the court was: "The court will admonish the jury that the last remark by the prosecutor will be disregarded by the jury." The problem with this admonishment is that the last remark by the prosecutor was not the remark at issue here. The last remark was "There is no evidence of that," meaning that there was no evidence that the defendant had a clean record. Even a juror with a perfect memory who scrupulously followed the judge's instruction would not have disregarded the statement on the defendant's failure to testify. Instead, such a juror would very likely infer that he or she was not supposed to consider whether or not the defendant had a criminal record in reaching their verdict. This is a reasonable understanding of the judge's admonition, especially in this case, where the judge had just cautioned the attorneys to refrain from further mention of defendant's criminal record or lack thereof. The judge could, of course, have corrected this ambiguity by specifying

---

9. *State v. Barker,* 399 S.W.2d 1, 3 (Mo.1966).

10. 485 U.S. 25, 32, 108 S.Ct. 864, 99 L.Ed.2d 23 (1988).

11. *State v. Gregg,* 399 S.W.2d 7, 10–11 (Mo. 1966); *State v. Busby,* 486 S.W.2d 501, 505 (Mo. 1972).

12. *State v. Fitzgerald,* 130 Mo. 407, 32 S.W. 1113, 1120 (Mo.1895).

which objectionable remarks he wished the jury to disregard. But, as the transcript shows, he was concerned with highlighting the remarks and inflaming the possible prejudice. This is a reasonable concern, since, as this Court has held, such an admonishment may, itself, constitute reversible error.[13] Since mistrial is such a drastic remedy, the idea that an admonishment can correct the prejudice created a by a direct reference from the prosecution is an appealing one—in theory. Unfortunately, when it comes down to actual cases, the long experience of the appellate courts is that direct references to the defendant's failure to testify place the trial court in a position where it has few effective weapons to correct the prejudice, short of declaring a mistrial. Certainly, in this case, the prosecutor's remark placed the trial court in a double bind. It saw that it could not admonish the jury to disregard the remark without aggravating the prejudice already created. While the trial court attempted to admonish the jury in an indirect and ambiguous way, it did not actually succeed in doing so.

There may be, as the principal opinion holds, some conceivable circumstance where a direct, certain reference by the prosecutor to the defendant's failure to testify does not require a mistrial. That conclusion is necessary to affirm the conviction here, but it is not sufficient. Whether a particular admonishment sufficiently cures the prejudice of a direct remark in a particular case must, nevertheless, be reviewed on appeal, and the principal opinion's refusal to review the trial court's actions in this case amount to an abdication of that duty. As the cases cited in the majority opinion demonstrate, no previous court has been willing to uphold a conviction based upon an admonishment to disregard the direct, improper comments of the prosecutor. This case is hardly a convincing candidate to be the first since, in point of fact, the admonishment here was not just insufficient, it was nonexistent.

I respectfully dissent.

**13.** *State v. Snyder,* 182 Mo. 462, 82 S.W. 12, 31 (Mo.1904).