**STATE of Missouri, Plaintiff–Respondent,**

v.

**Scott A. DAVIS, Defendant–Appellant.**

No. 27021.

Missouri Court of Appeals, Southern District, Division Two.

Sept. 27, 2006.

Gary E. Brotherton, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., and Roger W. Johnson, Assistant Attorney General, Jefferson City, for Respondent.

PHILLIP R. GARRISON, Judge.

Scott A. Davis ("Defendant") was convicted, following a jury trial, of the class A felony of first degree assault, a violation of Section 565.050,[1] and armed criminal action, a violation of Section 571.015. He was sentenced to consecutive terms of life and twenty years imprisonment. Defendant now appeals, contending that the State improperly commented to the jury on his failure to testify. We affirm.

Defendant does not challenge the sufficiency of the evidence supporting his conviction. We recite only those facts necessary for the disposition of this appeal.

On the evening of March 30, 2002, Rex Bland ("Victim"), his wife ("Misty"), and their two children were at Kimberly ("Kimberly") and Raymond ("Raymond") Workman's house. Defendant, who was a friend of Raymond's, arrived around 7:30 p.m. Defendant let himself in and walked into the kitchen, where Victim, Raymond and Kimberly were sitting. He pulled out a pouch of cigarette tobacco and rolling papers from his pocket and tossed them on the table. He told Raymond that he had come by to smoke some of "these fine cigarettes" with him and he proceeded to sit down at the table. Raymond told De-

---

**1.** All references to statutes are to RSMo (2000) and all references to rules are to Missouri Rules of Criminal Procedure (2005), unless otherwise indicated.

fendant that he only smoked Marlboro cigarettes and he threw his pack of cigarettes next to Defendant's tobacco pouch. Kimberly and Raymond both got up from the table and left the room, leaving just Defendant and Victim at the table.

Defendant began staring at Victim, causing Victim to ask, "What are you staring at?" At that point, Defendant got up from the table, pulled out a black revolver, cocked it and pointed it at Victim's head. Victim pushed himself away and tried to run out of the kitchen at which time Defendant shot Victim in the abdomen, resulting in penetrating injuries to his intestines, stomach and colon.

Raymond came out of the bathroom and wrestled Defendant for the gun. After they struggled for a couple of minutes, Raymond was able to talk Defendant into unloading the gun. Defendant then laid the bullets on the table and left. Raymond called the police and reported the shooting.

Defendant first drove 200 to 300 feet to the home of Raymond's brother where he said he had shot Victim. He then drove two to three miles where officers later found him sitting in his truck. As he was being arrested, he told officers that "I know why you're here, pretty much. We've been friends for a long time, he pissed me off, and I shot him." Defendant was placed under arrest at that time. A search of Defendant's truck disclosed ammunition and a .22 magnum revolver pistol.

Defendant was charged by amended information with the class A felony of assault in the first degree, and armed criminal action. He was convicted by a jury and sentenced to life imprisonment on the first degree assault and twenty years on the armed criminal action with the sentences to run consecutively. This appeal followed.

In his sole point on appeal, Defendant argues the trial court erred in not declaring a mistrial or giving a curative instruction to the jury in response to comments made by the prosecution in closing argument. Defendant maintains that the prosecutor improperly commented on his failure to testify in violation of his privilege against self-incrimination and his right not to testify. We disagree.

In his closing argument, defense counsel argued the following:

> [W]hat you've heard is from [Victim] himself, that the amount of time from when [Defendant] sat down at the table to when [Victim] was shot was ten seconds, okay?
>
> . . . .
>
> In that time, what did we hear [Victim] say? [Defendant] was staring at me, and I said, what are you staring at. And then, boom, he gets shot. In ten seconds. In the amount of time that you just saw. That's [Victim's] testimony as to what happened, and that was it. That's all he says that happened. Where's the motive?

Defense counsel then urged the jury to "use your common experiences, think about it, and see if the way [Victim] testified as to what happened is the way you think that it happened."

In rebuttal, the prosecution told the jury the following:

> Now, [Victim], he had only met [Defendant] once before, so you may infer, and because he is the victim, that if— what I'm trying to say is that if he was the only one there, then you may allow yourself to question things, but because of the other evidence that you hear [sic] and because of [Defendant's] statements after the fact about exactly what happened, you never—you never heard [Defendant] say to anybody, you know what,

he threatened me, so I shot him. You know what, he pulled a knife on me, so I shot him. There was nothing.

At that point defense counsel objected and the following proceeding was held at the bench:

> [Defense Counsel]: Your Honor, I think she's crossed the line on commenting on my client's right not to testify, and I'm going to ask at this point that that instruction be given to the jury to disregard those comments, and I would actually ask at this point that the Court declare a mistrial.
>
> The Court: The Court denies the request for a mistrial.
>
> [Prosecutor]: Your Honor, he made statements to other people, that is what I was referring to is his comments to other people that came in as evidence.
>
> The Court: I understand that. I'm going to tell you to stop that line of response right now. I'll tell the jury to disregard it.
>
> [Prosecutor]: I don't think that anything that I said had anything to do with his testifying. This was in reference to what he said to other people.
>
> [Defense Counsel]: I thought she had made the comment that you didn't hear anyone say that.
>
> The Court: She said that he didn't tell someone else.
>
> [Defense Counsel]: He didn't tell someone else that he threatened to kill him, and I think once she commented that she had reference to my client is enough for a mistrial. It's a comment to my client's right not to testify.
>
> The Court: It's denied at this time.

The record does not reflect that the trial court ever instructed the jury to disregard the comments made by the prosecutor. ■ "Declaring a mistrial is a drastic remedy that should only be employed in those extraordinary circumstances in which the prejudice to a defendant can be removed in no other way." *State v. Dorsey,* 156 S.W.3d 791, 803 (Mo.App. S.D. 2005). The decision to grant a mistrial is within the sound discretion of the trial court. *State v. Berry,* 168 S.W.3d 527, 535 (Mo.App. W.D.2005). We review the denial of a request for a mistrial only for abuse of that discretion. *State v. McGowan,* 184 S.W.3d 607, 610 (Mo.App. E.D.2006). Here, we find no error in the trial court's actions, because the prosecutor's comments were neither direct nor indirect references to Defendant's failure to testify.

■ "The Fifth Amendment to the United States Constitution, Article I, section 18 of the Missouri Constitution, section 546.270 ... and ... Rule 27.05(a) grant criminal defendants the right not to testify and forbid comments by either party concerning the exercise of that right." *State v. Barnum,* 14 S.W.3d 587, 591 (Mo. banc 2000). Where an objection is made and overruled a direct reference to a defendant's failure to testify will almost always require reversal of the conviction. *State v. Neff,* 978 S.W.2d 341, 344 (Mo. banc 1998). However, "an indirect reference requires reversal only if there is a calculated intent to magnify that decision so as to call it to the jury's attention." *Id.* The Supreme Court of Missouri explained in *Neff* that, "[a] direct reference to an accused's failure to testify is made when the prosecutor uses words such as 'defendant,' 'accused' and 'testify' or their equivalent. An indirect reference is one reasonably apt to direct the jury's attention to the defendant's failure to testify." *Id.* (citations omitted). "When considering a defendant's claim of an improper comment on his right to remain silent, the appellate court must also consider the comment in the context in which it appears." *Id.* at 345.

In *State v. Richardson,* 923 S.W.2d 301, 314 (Mo. banc 1996), the appellant challenged the following statement made by the prosecution in closing argument: *"Did you hear him [appellant] say from the testimony here,* 'I don't think that's such a good idea. That's against the law. It's certainly against my principles and certainly is not a nice thing to do.' Did you hear any of the young men say that?" (emphasis and alterations in original). In finding that the prosecutor's comments were not improper the court explained, "[v]iewed in the context in which the statement was made, it was not a direct reference to appellant's failure to testify; rather, it was a proper reference to [a witness'] testimony that appellant and the other co-defendants did not object to the crime prior to their commission." *Id.*

In *State v. Hamilton,* 847 S.W.2d 198, 200 (Mo.App. E.D.1993), the appellant complained that the prosecutor's comment to the jury that "[t]he state's evidence is uncontroverted[,]" constituted an improper reference to appellant's failure to testify. The court found that the comment was not an indirect reference to the appellant's failure to testify, but was "a legitimate reference to [appellant's] failure to offer evidence on his own behalf." *Id.* at 201.

Like the comments complained of in *Richardson* and *Hamilton,* the prosecutor's comments here were not improper references to Defendant's failure to testify. When looking at the prosecutor's comments in context, it is clear that he was commenting on the remarks Defendant made to officers when he was being arrested, and not on Defendant's failure to testify. Defense counsel argued that Defendant had no reason to shoot victim, so something must have happened in those ten seconds while Victim and Defendant were alone. In rebuttal, the prosecution merely argued that the comment made by Defendant to officers was consistent with Victim's testimony.

"Defendant's statement [to officers] had been properly introduced in evidence and the prosecutor was entitled to comment on it, and to ask the jury to draw inferences [from the content] of the statement." *State v. Burrell,* 944 S.W.2d 948, 952 (Mo. App. W.D.1997). Such comments were neither direct nor indirect references to Defendant's failure to testify. *Id.* The trial court did not abuse its discretion in denying Defendant's motion for a mistrial, or in failing to give a curative instruction. Defendant's point is denied.

The judgment and sentence of the trial court is affirmed.

BATES, C.J., and LYNCH, J. concur.