

# Missouri Court of Appeals
## Southern District

## In Division

STATE OF MISSOURI,                          )
                                            )
    Plaintiff-Respondent,           )
                                            )
vs.                                         )          No. SD37363
                                            )
IRA S. BRUCE,                               )          **Filed:  September 6, 2023**
                                            )
    Defendant-Appellant.            )

### APPEAL FROM THE CIRCUIT COURT OF POLK COUNTY

The Honorable Elizabeth V. Rohrs, Judge

**<u>AFFIRMED</u>**

    Ira S. Bruce ("Mr. Bruce") appeals the trial court's judgment convicting him of assault in the first degree under section 565.050.1.[1]  He raises three separate points on appeal:  (1) the trial court erred in overruling Mr. Bruce's motions for judgment of acquittal because the State presented insufficient evidence to support his conviction; (2) the trial court erred by denying Mr. Bruce's request for a mistrial after the prosecutor inquired of a witness about Mr. Bruce's state of mind; and (3) the trial court plainly erred in failing to quash the jury pool or declare a mistrial during *voir dire* because a venireperson's "criminal characterization of Mr. Bruce was sufficiently inflammatory to

---

[1] All references to statutes are to RSMo Cum. Supp. 2022, unless otherwise indicated.

bias his fellow venirepersons against Mr. Bruce[.]" We reject all points and affirm the trial court's judgment.

## Factual Background and Procedural History

On June 29, 2018, M.P. ("Victim") was working at Hillenburg Service Station in Pleasant Hope. Victim was changing the tires on a boat trailer sometime in the afternoon when he noticed a truck driven by Mr. Bruce head north after "flipping a U-ey" one to two blocks away. The truck's motor was racing at full RPM, the tires were smoking, and Mr. Bruce "had run the tire off" his right front rim and was driving on the bare rim as he approached the service station. The truck approached the service station from the south heading north going "probably 30, 40 miles an hour", proceeded to make a 90-degree turn coming up the highway, clipped the boat, and crashed into the service station's buildings. Victim saw Mr. Bruce staring at him as Victim heard the truck's engine race. Mr. Bruce pointed the truck towards Victim, but Victim got out of the way.

The local chief of police was in his car parked by the pumps at the service station. The police chief "made contact" with Mr. Bruce's truck before the truck crashed into the buildings with the push bumper of his patrol car. The truck veered left and became wedged between the buildings. Mr. Bruce jumped out of the truck, ran towards Victim, and said, "I'm going to kill you, mother-----" and accused Victim of raping his family. When Victim saw Mr. Bruce prepare to swing at him, Victim ducked and stuck his head between Mr. Bruce's knees and wrapped his arms around Mr. Bruce's legs so Mr. Bruce could not hit Victim in the face. Mr. Bruce kept swinging, hitting Victim "[t]oward the back" and on his head. The police chief exited his car and got between Mr. Bruce and Victim and with his sidearm, advised Mr. Bruce to get on his knees and put his hands on

2

top of his head, and to "cease and desist." Mr. Bruce did not stop until the police chief gave him three or four more commands and pointed his service weapon at Mr. Bruce. As the police chief handcuffed him, Mr. Bruce remarked, once again, "I'm going to kill you, motherf-----." Mr. Bruce also said, "This ain't over yet. I'm going to fu----- kill you."

The State charged Mr. Bruce with assault in the first degree. The case was tried before a jury. Mr. Bruce filed a motion for judgment of acquittal at the close of the State's evidence and again at the close of all the evidence, arguing the State presented insufficient evidence that he intended to "run over" Victim. The trial court denied both motions, and the jury found Mr. Bruce guilty of assault in the first degree. Mr. Bruce timely filed his motion for new trial, which the trial court denied. The trial court entered judgment convicting Mr. Bruce of assault in the first degree and sentenced him to 10 years' imprisonment. This appeal timely followed.

## Points on Appeal

### Point I: There was Sufficient Evidence that Mr. Bruce Intended to Cause Serious Physical Injury to Victim.

*Standard of Review*

> "When considering the sufficiency of the evidence on appeal, this Court must determine whether sufficient evidence permits a reasonable juror to find guilt beyond a reasonable doubt." *State v. Stewart*, 560 S.W.3d 531, 533 (Mo. banc 2018) (internal quotations omitted). "The evidence and all reasonable inferences therefrom are viewed in the light most favorable to the verdict, disregarding any evidence and inferences contrary to the verdict." *Id.*

*State v. Hollowell*, 643 S.W.3d 329, 341 (Mo. banc 2022).

This Court will affirm a trial court's denial of a motion for judgment of acquittal if, "at the close of evidence, there was sufficient evidence from which reasonable persons could have found the defendant guilty of the charged offense." *State v. Castoe*, 357

3

S.W.3d 305, 308 (Mo. App. S.D. 2012). "[G]reat deference is given to the trier of fact, and an appellate court will not weigh the evidence anew." *State v. Boyd*, 659 S.W.3d 914, 925 (Mo. banc 2023) (quoting *State v. Alexander*, 505 S.W.3d 384, 393 (Mo. App. E.D. 2016)).

*Analysis*

In point I, Mr. Bruce asserts the State failed to prove beyond a reasonable doubt that he intended to cause Victim serious bodily injury as is required for a charge of assault in the first degree. We disagree.

"A person commits the offense of assault in the first degree if he or she attempts to kill or knowingly causes or attempts to cause serious physical injury to another person." Section 565.050.1. Attempt crimes require two elements: "(1) defendant has the purpose to commit the underlying offense, and (2) the doing of an act which is a substantial step toward the commission of that offense." *State v. Jones*, 519 S.W.3d 818, 823 (Mo. App. E.D. 2017) (quoting *State v. Ransburg*, 504 S.W.3d 721, 723 (Mo. banc 2016)). "A person 'acts purposely', or with purpose, with respect to his or her conduct or to a result thereof when it is his or her conscious object to engage in that conduct or to cause that result." Section 562.016.2.

A conviction for assault in the first degree requires evidence of a specific intent to cause serious physical injury. *Castoe*, 357 S.W.3d at 308. Intent is rarely proven by direct evidence, and the trier of fact can infer intent circumstantially. *State v. Lammers*, 479 S.W.3d 624, 633 (Mo. banc 2016); *Castoe*, 357 S.W.3d at 308. "A jury may determine a defendant's mental state from the defendant's conduct before the act, from the act itself, and from the defendant's subsequent conduct." *Jones*, 519 S.W.3d at 823.

4

In this case, there was sufficient evidence for the jury to infer Mr. Bruce specifically intended to cause serious physical injury to Victim. In his briefing, Mr. Bruce does not deny he hit Victim multiple times or any of the sequence of events in question when he went to the service station. Instead, he argues the State presented insufficient evidence of his specific intent to "purposefully" seriously injure Victim as opposed to him only knowing his conduct was certain to cause harm. The evidence viewed in the light most favorable to the verdict, however, was that Mr. Bruce was driving so forcefully towards the service station that the truck's motor was racing at full RPM, the tires were smoking, Mr. Bruce "had run the tire off" his right front rim, and he was driving on the bare rim as he approached the service station. The truck approached the service station at "probably 30, 40 miles an hour", made a 90-degree turn as it came up the highway, clipped the boat, and crashed into two buildings after making contact with the police car. Victim testified that Mr. Bruce was staring right at him as the truck charged forward. Mr. Bruce only stopped driving his truck after it became wedged between two buildings, then jumped out of the truck, ran towards Victim, and said, "I'm going to kill you, mother-----[.]" Mr. Bruce kept swinging as Victim attempted to protect himself. After Mr. Bruce finally stopped his assault on Victim, he said, "This ain't over yet. I'm going to fu----- kill you."

Mr. Bruce's accusations toward Victim of raping his family could have also provided the jury with a basis for concluding Mr. Bruce was motivated to attempt to kill or cause serious physical injury to Victim. Mr. Bruce continued to assault Victim even as the police chief told him to stop at gunpoint. Both Victim and the arresting officer confirmed Mr. Bruce repeatedly said, "I'm going to kill you, motherf-----" during the

5

attack and said it again after being arrested. A reasonable juror could rely on all of these factual events to conclude Mr. Bruce rushed to Victim's place of work for the specific purpose of seriously harming Victim. *See* ***State v. Hall***, 561 S.W.3d 449, 451 (Mo. App. S.D. 2018) (finding sufficient evidence to support a conviction for assault in the first degree when the defendant drove his truck "really fast" and swerved the truck towards the victim); *see also* ***State v. Greer***, 348 S.W.3d 149, 157 (Mo. App. E.D. 2011) (holding there was sufficient evidence to affirm a conviction for assault in the first degree when a defendant wielded a shank and yelled "'you all' would have to kill or be killed"); ***State v. Smith***, 242 S.W.3d 735, 738-39 (Mo. App. S.D. 2007) (concluding there was sufficient evidence to infer a defendant attempted to cause physical injury with a deadly weapon or dangerous instrument when he chased a victim with a truck).

Mr. Bruce also argues his truck was "significantly impaired[,]" and therefore the jury could not conclude he specifically directed his truck towards Victim. He further insists, despite eye witness testimony to the contrary, that no witness had a "definitively clear vantage point" to see the truck's trajectory. By making these arguments, Mr. Bruce asks this Court to reweigh the evidence in his favor, which we cannot do. ***Lammers***, 479 S.W.3d at 632 ("This Court considers all evidence in the light most favorable to the verdict and grants the State all reasonable inferences."). Viewing the evidence in the light most favorable to the verdict and granting the State all reasonable inferences, the State's evidence was sufficient to prove beyond a reasonable doubt that Mr. Bruce purposely committed assault in the first degree. Point I is denied.

6

<u>Point II: The Trial Court did not Abuse its Discretion in Overruling Mr. Bruce's Request
for a Mistrial.</u>

*Facts Pertinent to Point II*

The State asked Victim at trial, "And when [Mr. Bruce's] truck was coming towards you, what did you think he was trying to do"? Mr. Bruce objected on the basis of relevancy. The trial court sustained the objection, and the State rephrased the question to ask Victim, "And what did you feel for yourself at that point"? Mr. Bruce again objected. After the trial court sustained the second objection, Mr. Bruce asked for a mistrial, arguing the jury would expect the Victim to answer. The trial court overruled that request, but, after deliberating with the State and Mr. Bruce on this issue, the trial court reminded the jury that "questions are not evidence" and should not be considered in their deliberations. The State then discontinued its line of questioning as to anyone's state of mind and ended its examination of Victim shortly thereafter.

*Standard of Review*

"We review the failure to grant a mistrial for abuse of discretion; we will reverse only if the ruling was so illogical, arbitrary, and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." ***State v. Holman***, 570 S.W.3d 157, 160 (Mo. App. S.D. 2019) (internal quotation marks and citation omitted). "An abuse of discretion occurs when a defendant is prejudiced such that there is a reasonable probability that the outcome at trial would have been different if the error had not been committed." ***State v. Minor***, 648 S.W.3d 721, 732 (Mo. banc 2022) (quoting ***State v. Holmsley***, 554 S.W.3d 406, 410 (Mo. banc 2018)) (internal quotation marks omitted). "A mistrial is a drastic remedy that should be granted only in extraordinary circumstances." ***State v. Graves***, 619 S.W.3d 570, 575 (Mo. App. E.D. 2021).

*Analysis*

In point II, Mr. Bruce claims the trial court abused its discretion in overruling Mr. Bruce's request for a mistrial because the jury was "impermissibly tainted beyond alternative curative remedy by the prosecutor's legally irrelevant and improper line of questioning as to what [Victim] thought Mr. Bruce was trying to do when Mr. Bruce drove into the lot," which was allegedly a bad faith attempt to influence the jury with lay witness opinion evidence as to Mr. Bruce's state of mind. Mr. Bruce argues the trial court's decision to not grant a mistrial resulted in a prejudice so great that the trial court's curative instruction was inadequate, requiring a mistrial. We do not agree.

Lay witnesses generally may not give opinion testimony when it has the effect of answering an ultimate issue for jury determination. *State v. Adams*, 229 S.W.3d 175, 188 (Mo. App. S.D. 2007). "Neither is it proper for a lay witness to give an opinion 'of the real or actual state of mind' of another person." *State v. Cason*, 596 S.W.2d 436, 440 (Mo. 1980) (quoting *State v. Warren*, 297 S.W. 397, 401 (Mo. 1927)). Here, the trial court sustained Mr. Bruce's objection and did not permit Victim to testify as to Mr. Bruce's state of mind, which related to the ultimate issue of Mr. Bruce's specific intent to commit an assault. *See* Section 565.050.1 (providing an attempt "to cause serious physical injury" constitutes assault in the first degree). Because the trial court sustained the objections, it did not abuse its discretion in denying Mr. Bruce's request. In fact, the trial court sustained multiple objections, and Victim never answered the State's questions. *State v. Evans*, 517 S.W.3d 528, 545 (Mo. App. S.D. 2015) ("'Questions are not evidence, and even improper questions are generally not prejudicial if left unanswered.' *State v. Huffman*, 445 S.W.3d 76, 81 (Mo.App.[E.D.]2014).").

Not only did the trial court sustain Mr. Bruce's objections before Victim provided an answer to the State's questions, it instructed the jury to disregard the State's line of questioning in an effort to cure any potential prejudice. We generally "will not meddle with the discretion of the trial court to determine the prejudicial effect of the questions and the amount of corrective action required." *State v. Caldwell*, 726 S.W.2d 780, 782 (Mo. App. E.D. 1987); *see also State v. Powell*, 318 S.W.3d 297, 302 (Mo. App. W.D. 2010) ("While improper, this question was brief, vague, and indefinite, and the circuit court timely instructed the jury to disregard the question.").

Mr. Bruce argues the trial court's curative direction was insufficient because it did not specify which questions were to be disregarded. Such specificity was unnecessary to cure any harm. Courts presume juries properly follow the trial court's instructions in rendering their verdicts. *State v. Hitchcock*, 585 S.W.3d 378, 389 (Mo. App. S.D. 2019); *State v. Evans*, 490 S.W.3d 377, 383 (Mo. App. W.D. 2016). With that presumption in mind, a reasonable jury would connect the trial court's instructions to disregard a line of questions to the most recent questions which precipitated objections. Where the trial court takes "prompt and appropriate remedial action" immediately after a potential error such that the aim of the instructions is obvious, the instructions need not specify the objectionable question or testimony. *State v. Neff*, 978 S.W.2d 341, 345 (Mo. banc 1998) ("We hold, according to the prevailing rule in Missouri, that the trial court's grant of defendant's objection and its admonition to the jury sufficiently cured any harm the prosecutor's remarks may have inflicted upon defendant.").

We additionally find no merit in Mr. Bruce's argument that the State's line of questioning constituted bad faith requiring a mistrial. The State's line of questioning can

9

be so egregious as to require a new trial, such as when a prosecutor makes "repeated references to the defendant's failure to testify despite the trial court's admonitions." *Id.* at 346. However, the facts here are not similar. The facts in this case are more analogous to those in *State v. Powell*. In *Powell*, the State asked a defendant whether he had "ever molested anyone" and then rephrased that inquiry after the trial court sustained an objection. 318 S.W.3d at 301-02. Because there was no persistent questioning towards an improper inference, there was no prosecutorial bad faith. *Id.* at 302. Similarly, after Mr. Bruce successfully forestalled two of the State's questions by objecting and where the trial court sustained the objections, the State changed the subject matter of its questions and finished its inquiry of Victim soon thereafter. Point II is denied.

### Point III: The Trial Court did not Plainly Err in Failing to Quash the Jury or Declare a Mistrial During *Voir Dire.*

*Facts Pertinent to Point III*

During *voir dire*, a member of the jury pool admitted he already knew Mr. Bruce. Venireperson 44 explained he, "had dealings with Mr. Bruce as a law enforcement officer, but not involving this case." Venireperson 44 also discussed the case with Victim and another witness beforehand. When asked by defense counsel, Venireperson 44 said he could still be "fair and impartial[.]" Mr. Bruce moved to strike Venireperson 44 for cause. The trial court denied that request, but Venireperson 44 did not ultimately serve as a juror on the jury.

*Standard of Review*

Mr. Bruce claims the trial court plainly erred by not quashing the entire jury pool or declaring a mistrial after Venireperson 44 disclosed his prior knowledge of Mr. Bruce

10

during *voir dire*.  Mr. Bruce acknowledges his claim of error was not preserved and requests plain error review.

> Generally, this Court does not review unpreserved claims of error. Rule 30.20 alters the general rule by giving appellate courts discretion to review 'plain errors affecting substantial rights may be considered in the discretion of the court . . . when the court finds that manifest injustice or miscarriage of justice has resulted therefrom.' Rule 30.20. Plain error review is discretionary, and this Court will not review a claim for plain error unless the claimed error facially establishes substantial grounds for believing that manifest injustice or miscarriage of justice has resulted. The plain language of Rule 30.20 demonstrates that not every allegation of plain error is entitled to review. The plain error rule is to be used sparingly and may not be used to justify a review of every point that has not been otherwise preserved for appellate review. Unless manifest injustice or a miscarriage of justice is shown, an appellate court should decline to review for plain error under Rule 30.20. Finally, the defendant bears the burden of demonstrating manifest injustice entitling him to plain error review.

*State v. Perkins*, 640 S.W.3d 498, 501 (Mo. App. S.D. 2022) (quoting *State v. Brandolese*, 601 S.W.3d 519, 525-26 (Mo. banc 2020)) (footnote omitted).[2]

*Analysis*

Mr. Bruce has failed to facially establish substantial grounds for believing manifest injustice or miscarriage of justice resulted from the trial court's refusal to quash the jury panel or to declare a mistrial during *voir dire*.  A trial court errs by not quashing an entire jury panel based on one venireperson's statement only when the statement is "so inflammatory and prejudicial that it can be said a right to a fair trial has been infringed." *State v. Ferguson*, 20 S.W.3d 485, 506 (Mo. banc 2000) (quoting *State v. Smulls*, 935 S.W.2d 9, 19 (Mo. banc 1996)); *State v. Ware*, 326 S.W.3d 512, 520 (Mo. App. S.D. 2010) ("A comment made by a particular venireperson does not require dismissal of the

---

[2] All rule references are to Missouri Court Rules (2023), unless other specified.

11

entire venire unless the statement was so inflammatory and prejudicial as to infringe upon a defendant's right to a fair trial.").

Though Venireperson 44's comments reveal he discussed the alleged assault with Victim and another witness, Venireperson 44 confirmed he could nonetheless remain impartial. Venireperson 44 also did not identify the reason he interacted with Mr. Bruce as a law enforcement officer. People may engage with police officers for any number of reasons, including as witnesses, informants, or victims of criminal activity. Nothing in Venireperson 44's statements directly connected Mr. Bruce to prior bad acts, which could have otherwise made them prejudicial. *See Ferguson*, 20 S.W.3d at 506 (holding a prospective juror's statement in support of the death penalty alone was not inflammatory or prejudicial where "there was no suggestion that [the defendant], himself, deserved the death penalty, nor any attempt to encourage other venirepersons to impose the death penalty.").

Mr. Bruce has not demonstrated manifest injustice or miscarriage of justice resulted. He produced no evidence Venireperson 44 was untruthful when he said he could remain impartial or that Venireperson 44's statements tainted the other jurors. Without a facial showing of grounds for believing manifest injustice resulted, Mr. Bruce is not entitled to plain error review. *See State v. Trolinger*, 618 S.W.3d 274, 276 (Mo. App. S.D. 2021) ("Post-conviction assertions of plain error in jury selection normally are denied without comment because trial strategy is a significant consideration in jury selection."); *see also State v. Ebeirus*, 184 S.W.3d 582, 585-86 (Mo. App. S.D. 2006) (declining to extend plain error review where "Missouri courts have consistently held that

a trial court is under no duty to remove any venire member *sua sponte*").  Point III is denied.

## <u>Conclusion</u>

Finding no merit in any of Mr. Bruce's points on appeal, we affirm the trial court's judgment.

JENNIFER R. GROWCOCK, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

DON E. BURRELL, J. – CONCURS