**STATE of Missouri, Respondent,**

v.

**Kimberly A. DOWNEN, Appellant.**

**No. WD 53135.**

Missouri Court of Appeals,
Western District.

Oct. 7, 1997.

Jerold L. Drake, Grant City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jill C. LaHue, Asst. Atty. Gen., Jefferson City, for respondent.

Before ELLIS, P.J., and LOWENSTEIN and HOWARD, JJ.

ELLIS, Presiding Judge.

■ Kimberly Downen was charged by information with 16 counts of the class C felony of stealing over $150, § 570.030.3(1),[1] and one count of the class A misdemeanor of stealing, § 570.030, in the Circuit Court of Worth County. Ms. Downen was tried before a jury and was found guilty on all counts. The court suspended imposition of sentence on Counts 1 through 10, but sentenced Ms. Downen to one year in the Department of Corrections on each of the other counts, with the sentences to be served consecutively. Ms. Downen appeals.[2]

The record reveals that Ms. Downen was employed by the F.C. Grace Furniture Store in Denver, Missouri from November, 1992 to February, 1995. Her duties included handling sales and bookkeeping, running the cash register, and making bank deposits. The company's bank deposit slips consisted of two parts, a white original and a yellow carbon copy. Donna Hiatt helped Ms. Downen with sales and bookkeeping. Ms. Hiatt recorded the bank deposits in the daily journal and in the accounting ledger from the yellow copy of the bank deposit slip, and Ms. Downen deposited the money in the bank using the white copy.

In March, 1995, Ms. Hiatt found cash was missing from the bank deposits when the two copies of the deposit slips were compared.

---

1. All statutory references are to RSMo 1994, unless otherwise noted.

2. Ms. Downen appeals her convictions on all 17 counts. However, a suspended imposition of sentence is not a final judgment and cannot be appealed. *State v. Lynch*, 679 S.W.2d 858, 860 (Mo. banc 1984); *State v. Sandbothe*, 750 S.W.2d 664, 665–66 (Mo.App. W.D.1988). Thus, her appeal as to Counts 1 through 10 is dismissed and we will only review the convictions on counts 11 through 17.

Danny Marsh, the store accountant, also found discrepancies when the record was brought to his attention by Ms. Hiatt. As a result, law enforcement officials were contacted. Corporal Brian Jameson of the Missouri State Highway Patrol led an investigation which found 17 deposit slips containing discrepancies. All of these deposit slips were dated on or between September 19, 1994 and January 31, 1995. The store's record consists of four elements: a bank deposit slip; a carbon copy of the deposit slip; a daily journal page; and the accounting ledger. In each of the 17 incidents, cash was missing from the bank deposit slip when that slip was compared to either the carbon copy, the daily journal, or the accounting ledger. In four instances, the cash deposit was missing and additional checks were supplemented into the deposit so the overall totals on the original and carbon copies were equal. In two other incidents, cash was missing and additional checks were recorded on the bank slip, but the totals did not match the totals recorded on the carbon copy.

As part of the investigation, Corporal Jameson interviewed Ms. Downen. He advised her of her *Miranda* rights, which she understood and acknowledged by signing a waiver. The interview was not recorded nor otherwise memorialized. However, Corporal Jameson later testified that he questioned Ms. Downen about the discrepancies between the store record and the deposit slips. Ms. Downen initially denied having any knowledge about why the amounts differed, where the extra checks came from, or why cash was missing. However, after being shown numerous slips and having the discrepancies reflected therein pointed out to her, Ms. Downen admitted to taking the missing cash, which ranged from $100 to $1300. She said she only took the money as she needed it, because she was behind in her car payments. Ms. Downen also identified her own handwriting on the deposit slips.

■ In her first point, Ms. Downen claims the evidence is insufficient to prove she did not have the store owner's consent to take cash from the deposits. In reviewing a challenge to the sufficiency of the evidence, an appellate court must view the evidence, including all favorable inferences, in the light most favorable to the State, and must disregard all evidence and inferences to the contrary. *State v. Woodworth*, 941 S.W.2d 679, 686–87 (Mo.App. W.D.1997). "We neither reweigh the evidence, nor determine the reliability or credibility of witnesses." *Id.* (citing *State v. Idlebird*, 896 S.W.2d 656, 661 (Mo.App. W.D.1995)). Our function is to determine only whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt. *State v. Grim*, 854 S.W.2d 403, 405 (Mo. banc 1993). "Substantial evidence is evidence from which the trier of fact reasonably can find the issue in harmony with the verdict." *State v. Martin*, 852 S.W.2d 844, 849 (Mo.App. W.D.1992).

Ms. Downen's argument on this point is that the prosecutor did not specifically ask the store owner as to each of the 17 incidents whether Ms. Downen had permission to take money from the cash deposits. She contends that failure to do so is fatal to the State's case because an essential element of the offenses with which she was charged was that she took the money without the owner's consent. The assertion is devoid of merit.

■ At trial, F.C. Grace, the store owner, testified that Downen was never given permission to take money from the cash deposits. If she was never given permission to take money, it is axiomatic that she did not have permission to take money on any of the 17 occasions when she did so. In *State v. Freeman*, 489 S.W.2d 749 (Mo.App. S.D. 1973) the defendant was convicted of stealing a motorcycle. On appeal, he argued that "the State never asked the owner if at the specific time [of] the acts complained of whether or not permission had been given" for him to take the motorcycle. *Id.* at 752. The owner of the motorcycle testified that he had never, at any time, given the defendant permission to use his motorcycle. *Id.* The Court found this testimony sufficient to establish the motorcycle was taken without the owner's consent. *Id.* We likewise find Mr. Grace's testimony sufficient to establish that Ms. Downen did not have permission to take the money. While it might have been better practice for the prosecutor to have Mr. Grace

testify that Ms. Downen did not have permission to take the money on each occasion as he was identifying the deposit slips, it was not essential. The general testimony by Mr. Grace that she *"never"* had permission was sufficient. Point denied.

As her second and fourth points, Ms. Downen argues the trial court erred in excluding evidence regarding an alleged sexual harassment and assault toward her by her employer, and excluding evidence of discrepancies in deposit slips prepared prior to her employment. The State filed motions in limine to exclude this evidence from trial, an evidentiary hearing was conducted, and the motions were sustained by the court.

■ Ms. Downen has failed to include a transcript from the hearing as part of the record. The appellant has the burden of preparing the record on appeal. *State v. Cleveland,* 627 S.W.2d 600, 601 (Mo.1982). "A transcript on appeal must contain all of the records and proceedings necessary to a determination of the questions presented for decision, and where any such items are absent there is nothing for the appellate court to decide." *State v. Holland,* 653 S.W.2d 670, 678 (Mo. banc 1983).

■ In addition, Ms. Downen did not preserve either claim for review. "A ruling in limine is interlocutory only and is subject to change during the course of the trial. The motion in limine, in and of itself, preserves nothing for appeal." *State v. Purlee,* 839 S.W.2d 584, 592 (Mo. banc 1992) (citations omitted). In order to preserve the claim for appeal, the proponent of the excluded evidence must attempt to present the excluded evidence at trial. *Id.* Ms. Downen did not attempt to introduce the excluded evidence of sexual harassment, assault, or previous discrepancies in bank deposit slips at trial. Consequently, there is nothing for us to review.

As her third point, Ms. Downen asserts she should have been allowed to impeach Donna Hiatt's testimony regarding an alleged disagreement between her and Ms. Hiatt. Ms. Downen argues the impeaching testimony would have established that Ms. Hiatt was angry with Ms. Downen and this anger was the reason Ms. Hiatt brought the discrepancies in the store record to the attention of the accountant.

■ A trial court enjoys broad discretion in ruling whether to admit evidence adduced by the parties at trial. *State v. Henderson,* 826 S.W.2d 371, 374 (Mo.App. E.D.1992). An appellate court does not interfere with a trial court's ruling on the admission or exclusion of evidence unless the trial court clearly abused that discretion. *Id.* The trial court refused to allow Ms. Downen's testimony about the disagreement because Ms. Hiatt did not present any probative testimony at trial that Ms. Downen disputed. Moreover, Ms. Downen's purpose for impeaching Ms. Hiatt's credibility was not to cast doubt on the substance of Ms. Hiatt's testimony or matters probative of Ms. Downen's guilt. Rather, the purpose was to show that Ms. Hiatt "tattled" on Ms. Downen because she was upset with Ms. Downen. Such evidence is irrelevant. It does not provide Ms. Downen with a defense. It does not show that the information Ms. Hiatt provided to the accountant was false, or that Ms. Downen did not make the altered deposits. Ms. Hiatt's motive for reporting Ms. Downen does not negate Ms. Downen's culpability in stealing the money. We find no abuse of discretion. Point denied.

As her fifth point, Ms. Downen claims the statements she made in an interview with Corporal Jameson should have been suppressed because Corporal Jameson failed to memorialize them by recording or writing. Ms. Downen filed a motion to suppress which was denied by the court after a hearing. Jameson testified that Ms. Downen admitted to taking the money from the store and used it to pay her car payments. He said she admitted to taking all of the money except the money listed in exhibit 17.

■ A reviewing court should affirm the decision of the trial court on a motion to suppress if the evidence is sufficient to sustain its findings. *Woodworth,* 941 S.W.2d at 692. Appellate courts should defer to the trial court's determinations as to the credibil-

ity of witnesses and the weight of the evidence. *Id.*

A pre-trial motion to suppress evidence is interlocutory in nature. *State v. Stillman,* 938 S.W.2d 287, 289 (Mo.App. W.D. 1997). When a motion to suppress evidence is denied and the evidence is subsequently offered at trial, one must make an objection to the offering, or the issue of whether the evidence should be admitted or excluded is not preserved for review. *State v. Powell,* 793 S.W.2d 505, 508 (Mo.App. E.D.1990). Ms. Downen failed to object when Corporal Jameson testified about the interview he conducted with Ms. Downen. Consequently, the claim was not preserved for appellate review. Moreover, Ms. Downen has failed to supply a transcript of the hearing on the motion to suppress as part of the record on appeal. Ms. Downen has the responsibility of providing this court with a meaningful record for review, and matters not preserved on the record and contained in an approved transcript cannot be considered by this court. *State v. Suter,* 931 S.W.2d 856, 868 (Mo.App. W.D.1996). Point denied.

Finally, Ms. Downen argues that her sentence of seven consecutive one-year terms in the Missouri Department of Corrections violates § 558.011(2). She contends that § 558.011(2) requires that any sentence under two years is not to be served in the Department of Corrections, and her seven sentences, each under two years, are therefore to be served in the county jail.

In *State v. Quisenberry,* 639 S.W.2d 579 (Mo. banc 1982), our Supreme Court stated that "[u]nlike its predecessor, § 558.011, RSMo Cum.Supp.1981,[3] does not exclude the possibility that a regular sentence of one year in the Division of Corrections might be imposed for class C and D felonies." *Id.* at 588. The statutory provisions "permit the conclusion that if a class C or D felon is sentenced to a term of one year, the court has discretion to commit him either to the Division of Corrections for a regular sentence (Subsection 3), or to the county jail or other authorized penal institution for a special term (Subsection 2)." *Id.* Thus, the

trial court had discretion to sentence Downen to the county jail, another penal institution, or the Department of Corrections to serve one year sentences on each of the seven counts. Point denied.

For the foregoing reasons, the appeals of the judgments of conviction on Counts 1 through 10 are dismissed, and the judgments of conviction on Counts 11 through 17 are affirmed.

All concur.

---

**3.** The 1981 version of the statute is the same, in    relevant part, as the current 1994 version.