STATE of Missouri, Plaintiff–
Respondent,

v.

Terry L. SCHUSTER, Defendant–
Appellant.

No. 24461.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 13, 2003.

Nancy A. McKerrow, Assistant State Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for Respondent.

PHILLIP R. GARRISON, Judge.

Terry L. Schuster ("Defendant") was convicted of two counts of statutory sodomy, a violation of Section 566.062,[1] and sentenced to two concurrent fifteen-year terms. On this appeal, he contends that the trial court erred in denying his motion for a continuance because of the State's late production of videotaped statements; in admitting hearsay statements of the victim; and in admitting a videotaped interview with the victim. We affirm.

The sufficiency of the evidence is not challenged on this appeal. Viewed in the light most favorable to the verdicts, the evidence indicated that Patricia Sellers ("Sellers"), a child abuse investigator with the Missouri Division of Family Services ("DFS"), received a hotline report concerning sexual abuse of F.S.H. ("Victim One"). When Sellers interviewed Victim One, then eight years old, Victim One told her that Defendant, the boyfriend of Victim One's mother, had been "messing" with her and her sisters. She said that Defendant had been "messing" with her private parts, which she identified as her "monkey," by putting his finger in her vagina. She also

said that Defendant had been doing the same thing to her sisters.

Detective Frank Magel ("Detective Magel") was assigned to the case after Sellers contacted the Crawford County Sheriff's Department. Detective Magel and Sellers interviewed V.H. ("Victim Two"), Victim One's sister, who said she had forgotten whether Defendant had touched her, adding, "I'm not going to say anything to make somebody in my family go to jail."

When Sellers and Detective Magel went to the home of the victims' grandmother, where their other siblings were staying, they found Defendant, who agreed to talk with them at the sheriff's office. After being informed of and waiving his *Miranda* rights, Defendant was told he had been accused of child sexual abuse. Initially, he denied the accusations, but then started crying. After indicating that it would be easier for him to do so, Defendant made a written statement in which he admitted putting his finger in the vagina of both victims; that he did the same to another of the victims' sisters; that he did it to Victim One more than once; and that he "might" have masturbated on them. In the statement, Defendant said that he needed help, that he wanted the girls to know that it was not their fault, and that he had been abused as a child.

Sellers and Detective Magel also conducted a videotaped interview of Victim One in which she said that Defendant had touched her private parts, as well as those of her sisters and brother. She described how Defendant had put his finger in her vagina, and had done the same to her two sisters. She also described an incident when she found "yellowish stuff" all over her hair when she woke up, and had to wash her hair to remove it.

1. All references to statutes are to RSMo (2000), unless otherwise indicated.

When the children were examined, Victim Two was asked why she had blood in her vaginal area approximately five days after her last contact with Defendant. She turned red, began to cry, and said, "I can't talk about that. I can't talk about that. Don't make me talk about that. I can't do that."

At trial, Defendant denied committing the acts with which he was charged, and claimed he had lied in his written confession because he was promised that if he made the confession he would not go to jail that night.

█ In his first point, Defendant contends that it was an abuse of discretion for the trial court to overrule his motion for a continuance because the State violated an earlier order of the court to produce the videotaped statements of Victim One, as well as those of her sister ("P.H.") and brother ("J.H."). Defendant argues that on March 20, 2000, the State was ordered to produce the videotapes by April 28, 2000, but failed to do so until May 30, 2001, eleven days prior to the commencement of trial. The motion for continuance apparently was faxed to the trial judge's office on Friday, June 8, 2001, but a copy was not sent to the circuit clerk's office or to the prosecutor. In fact, the prosecutor apparently did not receive a copy of the motion until it was taken up by the trial court immediately prior to the commencement of trial on June 11, 2001.

█ Initially, we note that Rule 30.04(a)[2] requires that the record on appeal shall contain all of the record, proceedings and evidence necessary for the determination of all questions to be presented to the appellate court for decision. *See State v. Forister*, 823 S.W.2d 504, 508

(Mo.App. E.D.1992). A party desiring to create a record has the obligation to do so at the time the statement or event occurs, and to furnish that record on appeal. *State v. Jennings*, 815 S.W.2d 434, 443 (Mo.App. E.D.1991). A copy of the motion in question is not contained in the legal file before this court. This omission alone is a sufficient basis upon which to deny this point. Nevertheless, we review the merits of Defendant's point *ex gratia.*

█ In our attempt to decide this case on its merits, it appears from the transcript that Defendant's request for a continuance was based on the fact that the order to produce the videotaped statements was not complied with in a timely fashion, in that the statements were not delivered until eleven days prior to trial. The decision to grant or deny a continuance is within the sound discretion of the trial court. *State v. Chambers*, 891 S.W.2d 93, 100 (Mo. banc 1994). A very strong showing is required to prove abuse of that discretion. *Id.* The party requesting the continuance bears the burden of showing both an abuse of discretion, and prejudice stemming from the court's denial. *State v. Fuller*, 837 S.W.2d 304, 307 (Mo.App. W.D. 1992).

Here, Defendant's attorney had twice seen the videotaped interview of Victim One and had been afforded the opportunity to see the other two videotaped interviews long before trial. In fact, prior to the preliminary hearing a separate hearing was conducted to determine the admissibility of Victim One's videotaped statement pursuant to Section 491.075. In that hearing, Defendant's attorney conducted an extensive cross-examination of Detective Magel that included numerous questions that

---

**2.** All references to rules are to Missouri Rules of Criminal Procedure (2002), unless other-   wise indicated.

exhibited a detailed knowledge of the contents of that videotaped statement. Defendant's attorney admitted at that hearing that he had viewed the videotape, and even indicated that he had done so at his home. In addition, the videotape was present at the hearing and was admitted in evidence.

In *State v. Cartwright*, 17 S.W.3d 149, 153–54 (Mo.App. E.D.2000), the court held the trial court did not abuse its discretion in denying a motion for continuance where the defendant obtained a new attorney nine days prior to trial, taped interviews and reports were not produced until the morning of trial, defendant had previous notice of the existence of such evidence, and defense counsel was permitted to review the evidence before the opening of the State's case. Under the facts of this case, which are less compelling than those in *Cartwright*, the trial court did not abuse its discretion in denying the motion. The first point is denied.

■ In his second point, Defendant posits trial court error in its admission of Victim One's videotaped interview with Sellers and Detective Magel, as well as her out of court statements to Sellers. Defendant argues that these statements were admitted in violation of Section 491.075[3] because there was no evidence that she was physically or legally unavailable to testify "in that there was no evidence adduced that [Victim One] would suffer significant emotional or psychological trauma were she required to testify in [Defendant's] presence." Defendant admits, however, that he did not object to the statements in question on the basis now relied on and, therefore, seeks plain error review.

■ Section 491.075 is implicated only when timely objections to the admissibility of a child's statement are made on proper legal grounds. *State v. Mahany*, 748 S.W.2d 762, 765 (Mo.App. E.D.1988). Once the issue of admissibility is raised by timely objection, it is then incumbent on the trial court to make the determinations required by Section 491.075. *Id.* The hearing provided for in Section 491.075 is not required, however, in the absence of an objection to the statements when they are offered. *Id.* at 766. In the absence of a timely and proper objection, the trial court has no opportunity to take corrective action. *Id.* If, therefore, the statutory procedures of Section 491.075 do not come into play in the absence of such an objection, the trial court had no duty to make the determinations complained of by Defendant. Under such circumstances, we are unable to conclude that plain error affecting substantial rights occurred requiring a

**3.** Section 491.075 provides, in pertinent part:
   1. A statement made by a child under the age of twelve relating to an offense under chapter 565, 566 or 568, RSMo, performed with or on a child by another, not otherwise admissible by statute or court rule, is admissible in evidence in criminal proceedings in the courts of this state as substantive evidence to prove the truth of the matter asserted if:
   (1) The court finds, in a hearing conducted outside the presence of the jury that the time, content and circumstances of the statement provide sufficient indicia of reliability; and

   (2)(a) The child testifies at the proceedings; or
   (b) The child is unavailable as a witness; or
   (c) The child is otherwise physically available as a witness but the court finds that the significant emotional or psychological trauma which would result from testifying in the personal presence of the defendant makes the child unavailable as a witness at the time of the criminal proceeding.

reversal for the reason presented by Defendant. His second point is denied.

■ Defendant next contends that the trial court erred in admitting the videotape of Victim One's statement because it included references to uncharged misconduct by Defendant. The uncharged misconduct referred to in the videotape was Victim One's statements that she had seen Defendant do the same things to her sister, Victim Two, as he had done to her, and that she had overheard her brother telling her father and step-mother that Defendant had touched him as well. Defendant argues that these statements were unduly prejudicial and had no probative value in establishing his guilt of the crime for which he was tried.

As indicated above, a hearing was held prior to Defendant's preliminary hearing to determine the admissibility of the videotape of Victim One's statement. At that time, Defendant's attorney objected to use of the videotape because, among other things, it included references to uncharged crimes. The court ruled that the videotape could be used at the preliminary hearing, but that the objection to the other crimes referenced in it was well taken. In response, the prosecutor said that if they got to trial, some editing of the videotape would be necessary.

Prior to trial, Defendant filed a motion in limine to exclude, among other things, evidence of uncharged crimes or offenses. It appears from the record that the trial court took that motion with the case and did not initially rule on it. At trial, the matter of the allegations concerning the sisters and brother of Victim One was first raised by Defendant's attorney in his opening statement. In that statement, he told the jury that they would see a videotape of Victim One in which she says that Defendant not only did the things he was accused of to her, but also to her sisters and

brother. The attorney proceeded to explain to the jury that, while Victim One made those statements on the videotape, her siblings all denied that anything of that nature happened to them.

Defendant argues that he objected to the videotaped interview of Victim One at trial, directing us to an objection made during the State's direct examination of Sellers. This objection, however, was to the State asking Sellers what Victim One had told her about Defendant's actions during a different interview than the videotaped interview considered under this point. Additionally, the objection was that "it's going to be hearsay, and the previous motion to the court." The court responded that "[t]he previous motion was overruled," and directed that the questioning proceed. We are unable to determine what "previous motion" counsel and the court referred to.

■ It is required that any objection to evidence be sufficiently clear and definite so that the court will understand the reason for the objection. *State v. Bartholomew*, 829 S.W.2d 50, 53 (Mo.App. W.D. 1992). An objection that covers a broad range of situations, which are not readily apparent, does not preserve error. *Id.* While the trial court was apparently aware of what "previous motion" was referred to, that information is not apparent to us. It is the responsibility of an appellant to furnish a record to this court that contains all of the record, proceedings and evidence necessary to determine all questions presented. Rule 30.04(a). When the information required by that rule is not included in the record on appeal, there is nothing for the appellate court to review because the appellate court is unable to determine if the trial court erred. *State v. Kiesau*, 794 S.W.2d 309, 311 (Mo.App. S.D.1990).

■ Defendant also points to an objection made when the videotape in question was offered in evidence. There, counsel objected because, among other reasons, "[t]he exhibit taints on uncharged crimes and is improper before the court." Assuming this objection sufficiently identified its basis as being that the videotape contained evidence of uncharged crimes, it did not specify what portions of the videotape were referred to, or what statements contained therein were allegedly improper. This would be similar to an objection made to the whole of a record without specifying the portions that are objectionable and why. An objection to the whole of an exhibit is properly overruled if any part of the record is admissible. *State v. Graham*, 641 S.W.2d 102, 107 (Mo. banc 1982).

■ Even if the objection had been sufficiently definite, it must be noted that Defendant, through his comments to the jury in opening statement, brought out the essential content of the statements he now complains were referred to in the videotape. This was followed by his cross-examination of Sellers concerning the same subject. It is clear, therefore, that Defendant made a strategic decision to use the references to other conduct as a defense in this case. By these means, Defendant was obviously attempting to attack the credibility of Victim One by demonstrating that the other alleged victims had denied the events described by Victim One in the videotape under consideration. Where a defendant has injected an issue into the case, the State may be allowed to admit otherwise inadmissible evidence in order to explain or counteract it. *State v. Lingar*, 726 S.W.2d 728, 734–35 (Mo. banc 1987). Such "opening of the door" may occur through comments made in opening statement. *State v. Pierce*, 932 S.W.2d 425, 431 (Mo.App. E.D.1996). *See also Bushong v. Marathon Elec. Mfg. Corp.*, 719 S.W.2d

828, 841 (Mo.App. S.D.1986). Point three is denied.

■ Defendant's final point is also based on the admission of Victim One's videotaped statement. In this point, Defendant contends that it was error to admit the statement because the time, content and circumstances under which it was made "lack sufficient indicia of reliability to be admitted pursuant to Section 491.075." In particular, he argues that the statement "contained information of which [Victim One] had no first hand [sic] knowledge, she made accusations concerning the sexual abuse of her sisters and brother which were denied by them, and she was questioned in a leading and suggestive fashion by two individuals who were not neutral."

■ Our review of the record indicates that Defendant did not preserve this contention for our review. He argues that he objected on the basis set out in this point when his motion to suppress was heard, and again when he argued a motion in limine prior to trial. However, rulings on such motions are interlocutory in nature, and only an objection made at trial when the evidence is offered will preserve the issue for appellate review. *State v. Cardona–Rivera*, 975 S.W.2d 200, 207 (Mo.App. S.D.1998). *See also State v. Burge*, 39 S.W.3d 497, 499 (Mo.App. S.D.2000); *State v. Downen*, 952 S.W.2d 807, 811 (Mo.App. W.D.1997); *State v. Stimmel*, 800 S.W.2d 156, 158 (Mo.App. E.D.1990). Therefore, Defendant may not rely on objections he made at the time those motions were heard. In fact, when the trial court announced that a motion in limine filed by Defendant would be taken with the case, he informed Defendant's attorney that "you'll have to preserve it," whereupon Defendant's attorney said, "I'll make the contemporary use of objections your honor."

Defendant points out that he objected when the videotaped statement was offered at trial. That objection, however, was less than specific. That objection, in pertinent part, was "no proper entry of foundation in regards to this document.... [I]n addition your honor we made the record as to what the foundation was and your honor I don't know that the court can actually do that absent you know cross examination [sic] to make a full and complete determination."

 As we have already noted, a proper objection to evidence is one that is sufficiently clear and definite so that a court will understand the reason therefor, but one encompassing a broad range of situations that are not readily apparent does not preserve error. *Bartholomew* at 53; *State v. LeMasters,* 878 S.W.2d 485, 490 (Mo.App. S.D.1994). A general objection to "lack of foundation" will not preserve alleged errors because it fails to direct the trial court's attention to the specific foundational element considered deficient. *LeMasters* at 490. It is incumbent on the objecting party to make the basis of his objection reasonably apparent to the court in order to provide the opponent an opportunity to correct the error and the court to correctly rule on it. *Bartholomew* at 53.

It also should be noted that, when the trial court was considering motions in limine filed by Defendant, prior to the commencement of trial, Defendant's attorney informed the trial court that the associate circuit judge that had held a hearing concerning the videotape pursuant to Section 491.075 had ruled that the tape was admissible for both the preliminary hearing and at trial. On this appeal, Defendant both acknowledges that statement and states that it was incorrect. Nevertheless, the trial court was led to believe that some of the issues had been previously resolved.

This made it even more important that Defendant's objection based on lack of foundation be sufficiently specific that the trial court would be on notice of the precise deficiencies claimed.

As noted earlier, even if the objection had been sufficient, Defendant was the one who originally informed the jury of the essential contents of the videotaped statement through his opening statement. The jury was also made aware of statements made by Victim One in an earlier statement to Sellers that was not videotaped, and to which Defendant did not object on the basis he now advances. There is no contention made that the contents of that statement are substantively different than those contained in the videotape. Under all of these circumstances, this point is denied.

The judgment is affirmed.

MONTGOMERY, P.J., and BARNEY, J., concur.