STATE of Missouri, Respondent,

v.

Stephanie WHEELER, Appellant.

No. 27823.

Missouri Court of Appeals, Southern District, Division Two.

April 20, 2007.

Nancy A. McKerrow, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Karen L. Kramer, Asst. Atty. Gen., Jefferson City, for Respondent.

ROBERT S. BARNEY, Judge.

Stephanie Wheeler ("Appellant") appeals the sentence and judgment of the trial court following her conviction by a jury of the class C felony of statutory rape in the second degree, section 566.034.[1] Appellant was sentenced by the trial court to seven years imprisonment in the Missouri Department of Corrections.

In her sole point of trial court error, Appellant asserts the trial court abused its discretion in denying her request for a mistrial during the State's closing argument "when the [State's] [PowerPoint] presentation visually referenced Appellant's failure to testify and the [State] orally reminded the jury that it had not heard from [Appellant] . . . ."

We note at the outset that Appellant has failed to provide this Court with a copy of the PowerPoint presentation at issue. Appellant asserts in her reply brief that it was unnecessary to include the PowerPoint presentation in her record on appeal because "[t]he trial transcript is very clear that the [State] was reading from the [PowerPoint] presentation when [it] stated, 'We did not hear [Appellant]—.' " Appellant also relates that "[a]s Appellant's Statement of Facts makes clear, the [State] was reading from the [PowerPoint] presentation. What the [State] said was what the [PowerPoint] presentation read."

We have closely reviewed the record. Contrary to Appellant's assertions, there is little definitive evidence in the record to suggest the State was reading from the PowerPoint presentation at the time the comments were made. In particular, for purposes of appropriate appellate review, we are unable to determine the precise language that was ostensibly set out in the PowerPoint and which was employed by the State during the course of its PowerPoint presentation. Indeed, it is our observation that outside of a reference to an "exhibit," the purported PowerPoint presentation is not mentioned in the transcript until *after both parties* finished their closing arguments, and then it was variously called an "overhead" by the defense, a "video" and "the visual" by the trial court, and "the PowerPoint" by the State. Neither the parties nor the trial court elaborated on the precise contents of the PowerPoint.

█ " 'The burden of presenting a proper record of the proceedings . . . is on the appealing party.' " *State v. Hackler*, 122 S.W.3d 132, 135 (Mo.App.2003) (quoting *State v. Tatum*, 807 S.W.2d 126, 127 (Mo. App.1991)). "Rule 30.04(a) requires that the record on appeal shall contain all of the record, proceedings and evidence necessary for the determination of all questions to be presented to the appellate court for decision."[2] *State v. Schuster*, 92 S.W.3d 816, 819 (Mo.App.2003). "When the information required by [Rule 30.04(a) ] is not included in the record on appeal, there is nothing for the appellate court to review because the appellate court is unable to determine if the trial court erred." *Id.* at 821.

█ In the present matter, the first half of Appellant's point relied on is premised

---

1. Section 566.034.1 sets out that "[a] person commits the crime of statutory rape in the second degree if being twenty-one years of age or older, he [or she] has sexual intercourse with another person who is less than seventeen years of age."

All statutory references are to RSMo 2000.

2. All rule references are to Missouri Court Rules (2006).

on the contents of the PowerPoint presentation. Because Appellant has failed to provide this Court with a copy of the PowerPoint presentation or set out its contents, there is nothing before this Court to aid in our determination as to whether the trial court erred. *See Schuster*, 92 S.W.3d at 819. Given Appellant's failure to comply with the rule so as to provide this Court with a complete record on appeal, we are unable to give meaningful review to that portion of Appellant's point relied on relating to the PowerPoint presentation. Accordingly, we shall only address Appellant's assertions relating to the State's oral statements.

 Appellant does not challenge the sufficiency of the evidence to support her conviction.[3] We review the evidence in the light most favorable to the jury's verdict. *See State v. Smith*, 185 S.W.3d 747, 751 (Mo.App.2006). The record reveals that during the State's closing argument, the following occurred:

> The State: Ladies and gentlemen, [Appellant], this woman right here, is guilty of statutory rape in the second degree. As we demonstrated today, the testimony established that she was over 21 years of age. And [Victim] at the time was under the age of 17. And they engaged in sexual intercourse between June 1, 2005 and August 15, 2005.
>
> The evidence, [Victim's] birth certificate was not presented. We heard [Victim's] testimony. We did not hear [Appellant]—
>
> Defense Counsel: Objection.
>
> The State: May we approach, Judge?

The Court: Yes.

(The following was heard at the bench)

> Defense Counsel: Judge, I'm going to object to this entire exhibit and to [the State's] statements. He has clearly . . . gone into an area that was covered in instructions. He has clearly drawn attention to the fact that [Appellant] did not testify. We demand a mistrial at this point. This is absurd. This is outrageous.
>
> The State: Your Honor, this was not intentional on my part.
>
> Defense Counsel: Whether it is intentional or not is irrelevant.
>
> The State: With my conversation with [Defense Counsel] it was my understanding that she wanted to testify. That was clearly an oversight and as soon as I noticed it I cut it off.
>
> The Court: All right. I am not going to grant your mistrial. You can give any corrective instructions that you want.
>
> Defense Counsel: Okay.
>
> The Court: You want to do that now?
>
> Defense Counsel: Judge, we will do that after closing.

Thereafter, following closing argument by both parties, the issue was again taken up at a bench conference:

> Defense Counsel: Judge, I want to make it clear for the record that on his overhead [the State] referenced [Appellant's] testimony, or lack thereof, by his words he referenced her lack of testimony. I want to make it clear for the record and I want to renew my objection for mistrial.

---

**3.** Because Appellant does not challenge the sufficiency of the evidence to support her conviction, it is not necessary for this Court to recite the detailed facts underlying the charge against Appellant. Here, the Amended Information charged that Appellant "had sexual intercourse with A.B. [("Victim")], a [male] juvenile, and at that time [Victim] was less than seventeen years old and [Appellant] was twenty-one years of age or older." By its verdict, the jury found that Appellant committed the crime of statutory rape in the second degree beyond a reasonable doubt.

The Court: For the record, it only appeared on the video, on the visual. He didn't make any reference to it orally, did he?

Defense Counsel: Actually, he did, Judge. I believe he, that he began to say it and then stopped.

The Court: He began to read it. He kind of got the first couple words out.

Defense Counsel: I think that is enough to request a mistrial. The Court certainly has great latitude to. I certainly think that is a mistrial.

The Court: I am going to deny the motion for mistrial since it was brief and inadvertent. Do you have a corrective instruction to offer?

Defense Counsel: We just checked with the office and we are not aware of any curative instruction, Your Honor.

The State: The State would not be opposed to telling the jury that the [PowerPoint] presentation is not evidence. I think that would cure any problem.

Defense Counsel: Absent if the Court refuses to grant a mistrial we certainly ask that.

(The proceedings returned to open court.)

The Court: All right. In this case the Court will remind the jury that the [PowerPoint] evidence that was presented in the case is not evidence, but merely part of [the State's] closing argument.

■ "[O]ur standard of review for a trial court's refusal to grant a mistrial is abuse of discretion." *State v. McGowan,* 184 S.W.3d 607, 610 (Mo.App.2006). This is because the trial court has observed the complained of incident that precipitated the request for a mistrial and is in a better position than is the appellate court to determine what prejudicial effect, if any, the

incident had on the jury. *Id.* "We will find that a trial court abused its discretion when its ruling is clearly against the logic of the circumstances before it and when the ruling is so arbitrary as to shock [this Court's] sense of justice and indicate a lack of careful consideration." *Id.* " 'Granting a mistrial is a drastic remedy and should be exercised only in extraordinary circumstances where the prejudice to the defendant cannot be removed any other way.' " *State v. Albanese,* 9 S.W.3d 39, 51 (Mo. App.1999) (quoting *State v. Wyman,* 945 S.W.2d 74, 77 (Mo.App.1997)).

■ It has long been held that the State may not comment on a defendant's failure to testify at the trial. *State v. Tolliver,* 101 S.W.3d 313, 317 (Mo.App.2003). "A direct reference to an accused's failure to testify is made when the prosecutor uses words such as 'defendant,' 'accused' and 'testify' or their equivalent."[4] *State v. Neff,* 978 S.W.2d 341, 344 (Mo. banc 1998). As a broad, general rule, "[w]here an objection is made and overruled, a direct reference to the failure of the defendant to testify will almost invariably require reversal of the conviction. . . ." *Id.* "[B]ut an indirect reference requires reversal only if there is a calculated intent to magnify that decision so as to call it to the jury's attention." *Id.* Nevertheless, the "Supreme Court has made it clear that a mistrial is *not* required every time an improper comment about a defendant's failure to testify is made even when the comment directly refers to defendant's silence." *Tolliver,* 101 S.W.3d at 317.

■ "When considering a defendant's claim of an improper comment on his right to remain silent, the appellate court must also consider the comment in the context in which it appears." *Neff,* 978

---

4. In their briefs, both the State and Appellant agree, as does this Court, that the statement at issue was *a direct reference* to Appellant's failure to testify.

S.W.2d at 345. " 'The prejudicial impact of such a statement is a matter within the sound discretion of the trial court.' " *State v. Spencer*, 50 S.W.3d 869, 876 (Mo.App. 2001) (quoting *Neff*, 978 S.W.2d at 345). "The prejudice that can occur from such comments can normally be cured by an instruction to the jury." *Spencer*, 50 S.W.3d at 876.

In *Neff*, 978 S.W.2d at 342, following an objection by defense counsel, the State remarked to the trial court, in the presence of the jury, that the defendant "didn't take the stand...." The trial court overruled defense counsel's request for a mistrial and admonished the jury to disregard the State's comment. *Id.* at 344. On appeal, the defendant argued the State's comment was a direct reference to his failure to testify and, thus, the trial court should have granted his request for a mistrial. *Id.*

The Supreme Court of Missouri upheld the trial court's ruling and "refuse[d] to follow the extreme rule" that "an isolated direct reference to a defendant's failure to testify mandates reversal regardless of corrective action taken by the trial court." *Id.* at 346. The *Neff* court stated that section 546.270 [5] "does not mandate a mistrial in every case where there is a reference, direct or otherwise, to a defendant's failure to testify." *Id.* at 344. "No sound historical argument, rooted in the statute or the precedent of this Court, supports the sweeping claim that regardless of the circumstances, a direct reference to the defendant's failure to testify mandates a mistrial." *Neff*, 978 S.W.2d at 344–45. The high court concluded that "the [State's] comment [wa]s isolated, not di-

rected at the jury, and not obviously intended to poison the minds of the jurors against the defendant." *Id.* at 347.

Similarly, in *Tolliver*, 101 S.W.3d at 316, in rebuttal closing argument, the prosecutor, in reference to the defendant, stated, "[h]e didn't get up and say she hit me first...." The defendant's counsel objected to the statement and requested a mistrial. *Id.* at 317. The trial court denied the request for a mistrial, "instruct[ed] the jury to disregard the comment and explained that the defendant had no duty to testify." *Id.* On appeal, the Eastern District of this Court, upheld the trial court's ruling based on the principle in *Neff* that "[t]he prejudicial impact of an improper comment is within the discretion of the trial court and may be cured by an instruction to the jury to disregard the comment." *Id.* at 317. "The improper remark in this case was isolated, and even assuming that it was made intentionally just before the jury retired and at a time when [the defendant] could not respond to it, no other comment on [the defendant's] failure to testify was made...." *Id.* at 317. The *Tolliver* court then concluded that we "must assume that the jurors followed the trial court's direction to disregard the isolated comment." *Tolliver*, 101 S.W.3d at 317.

In the instant matter, while Appellant asserts in her brief that "the trial court must give the jury a prompt, adequate, clear and emphatic admonition not to consider [Appellant's] failure to testify ..." it is clear that the trial court was prepared to do so. Following Defense Counsel's objection, the trial court informed Defense Counsel, "You can give any corrective in-

---

**5.** Section 546.270 states that:

If the accused shall not avail ... herself of ... her right to testify ... on the trial in the case, it shall not be construed to affect the innocence or guilt of the accused, nor shall

the same raise any presumption of guilt, nor be referred to by any attorney in the case, nor be considered by the court or jury before whom the trial takes place.

structions that you want," and Defense Counsel chose to address "that after closing." Seasonably, when the trial court asked Defense Counsel, "Do you have a corrective instruction to offer?" Defense Counsel responded that he was "not aware of any curative instruction ..." and then agreed to give the aforementioned instruction relating to the PowerPoint presentation proposed by the State. As stated in her brief, it "was Appellant's choice ..." that the trial court did not immediately admonish the jury on this issue. Based on the foregoing, it is difficult for us to see how Appellant can now claim the trial court erred in failing to offer an immediate, remedial instruction.

Appellant also acknowledges that *Neff* "says nothing about what circumstances would call for a mistrial, or when a trial court would abuse its discretion in failing to declare a mistrial," nor does *Neff* state with particularity "how specific [the trial court's] admonishment must be."

■■■ Accordingly, although the trial court did not specifically recite a curative instruction to the jury after the objection, because Appellant requested the issue be addressed after closing arguments, it is clear that the jury was instructed as to Appellant's right not to testify at trial. Jury Instruction No. 8 stated: "Under the law, a defendant has the right not to testify. No presumption of guilt may be raised and no inference of any kind may be drawn from the fact that the defendant did not testify." "'A jury is presumed to know and follow the instructions given by the trial court.'" *State v. Collins*, 150 S.W.3d 340, 356 (Mo.App.2004) (quoting *State v. Davis*, 122 S.W.3d 690, 693 (Mo. App.2003)); *see also Tolliver*, 101 S.W.3d at 317. "It is demeaning to our jury system to assume that Missouri jurors are universally too ignorant or biased to follow the trial court's direction to disregard an

isolated comment made during an objection." *Neff*, 978 S.W.2d at 346.

Additionally, in our examination of the improper statement in context, the State said, "We did not hear [Appellant]...." The State was then cut off by Defense Counsel's objection such that, as best we discern from our review of the record, the State's full statement was not heard by the jury. Even Defense Counsel admitted the State did not fully articulate its thought prior to the objection. Defense Counsel informed the trial court that the State "began to say it and then stopped." The trial court agreed that the State "began" the statement and "kind of got the first couple words out."

■■■ "There are cases in which the prosecutor's remarks are so egregious or the trial court's admonition so ineffective that a new trial is the only sufficient remedy." *Tolliver*, 101 S.W.3d at 317. This is not one of those cases. A trial court faced with a direct comment on a defendant's failure to testify may "consider the state of the evidence and the apparent effect on the jury and ... conclude that it would be sufficient to sustain the objection and then caution the jury if requested." *State v. Kempker*, 824 S.W.2d 909, 911 (Mo. banc 1992). Such determinations are within the trial court's discretion. *See Spencer*, 50 S.W.3d at 876. We find that this inadvertent, brief, and isolated comment during closing argument coupled with the jury instruction was sufficient to cure any prosecutorial error and any prejudice that may have resulted. *See Spencer*, 50 S.W.3d at 875–76 (holding that where the State "misspoke" and unintentionally told the jury that it had to decide "whether or not [it] believe[d] the defendant is telling the truth ...," any error was corrected by a jury instruction relating to the defendant's right not to testify). The trial court did not abuse its discretion in overruling Ap-

pellant's motion for a mistrial. Appellant's point relied on is denied.

The judgment and sentence of the trial court is affirmed.

GARRISON, J., and BATES, C.J., concur.