

# Missouri Court of Appeals
## Southern District
### Division One

| | |
|---|---|
| STATE OF MISSOURI, | ) |
| | ) |
| Respondent, | ) |
| | ) |
| vs. | ) No. SD35765 |
| | ) |
| WILLIAM GENE MORLANG, | ) FILED: February 4, 2020 |
| | ) |
| Appellant. | ) |

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Calvin R. Holden, Judge

**AFFIRMED.**

William Gene Morlang ("Defendant") was charged with committing one count of second-degree sodomy against K.F. (count 1); one count of second-degree sodomy and two counts of second-degree sexual abuse against K.T. (counts 2–4, respectively); three counts of second-degree sexual abuse against J.B. (counts 5–7); and one count of second-degree sodomy and two counts of second-degree sexual abuse against A.P. (counts 8–10, respectively). *See* sections 566.061 and 566.101.[1] Following a jury trial, Defendant was found guilty on counts 2, 8, and 10, the trial court sentenced Defendant to a term of imprisonment on each, and the trial court entered its judgment accordingly. On appeal of that judgment, Defendant challenges the

---

[1] All statutory references are to RSMo Cum.Supp. (2013). All rule references are to Missouri Court Rules (2019).

1

trial court's denial of his oral motion for a continuance made on the morning of the first day of trial. Finding no abuse of trial court discretion in denying that motion, we affirm.

## Background

Defendant does not contest the sufficiency of the evidence to support his convictions. Given Defendant's claim on appeal, which takes issue with a procedural aspect of the case, we need only recite the following relevant background.

During a pretrial conference held on July 18, 2018, Defendant's retained counsel, Stuart Huffman ("defense counsel"), made Defendant's first oral request that the upcoming trial, scheduled to commence, July 31, 2018, be continued to a later date (the "first continuance motion"). In Defendant's presence, defense counsel informed the trial court that, other than court appearances and despite defense counsel's repeated attempts to reach Defendant, he had not had any out-of-court communication with Defendant since he was hired. He also told the court that one of his several unanswered queries to Defendant was a request for witness information.

The trial court observed that the trial date was agreed to by Defendant the preceding January, that Defendant knew this, and that he consciously decided not to help defense counsel prepare. Asked to comment on the issue, Defendant confirmed that he had not responded to defense counsel's communication requests but proffered that his inaction was due to the fact that he had lost a job and was unable to pay for legal services. In response, the trial court noted that Defendant did not even try to explain his situation to defense counsel and instead consciously chose to avoid him. The trial court then denied the first continuance motion.

On the morning of the first day of Defendant's trial, July 31, 2018, a Tuesday, defense counsel orally renewed Defendant's request for a continuance (the "second continuance motion") and indicated that he may want to call certain witnesses that had not been previously endorsed.

2

Defense counsel stated that Defendant had, "over the weekend," provided him with a list of witnesses, some of which defense counsel had not yet been able to contact. Defense counsel specifically identified one of the witnesses as someone who was "actually present when supposedly a confrontation took place in the lobby" and who could "actually refute potential testimony that may be provided and is exculpatory in nature." Defense counsel then informed the trial court that "[w]e've left messages with her yesterday and over the weekend as well."

Following objections from the prosecutor, the trial court denied the second continuance motion but indicated that it would revisit the issue of new witnesses when they, if any, come forward to testify. Defense counsel then indicated that an endorsed State's witness, Elizabeth Donalson, was the witness that defense counsel had referred to as having information that could potentially be exculpatory. The prosecutor responded that he was familiar with Donalson, that she was an endorsed State's witness, and that he would have no objection to her testimony.

Following further pretrial proceedings, the remainder of the first day of Defendant's trial was spent in *voir dire*. The second day consisted entirely of the State's case-in-chief. On the third day, when Defendant had the opportunity to call witnesses as part of his case-in-chief, he did not call Donalson.

The jury ultimately found Defendant guilty of counts 2, 8, and 10, and the trial court sentenced him accordingly. Defendant's motion for a new trial, which asserted that "[t]he trial court erred in not sustaining Defendant's motion for continuance filed prior [to] the trial[,]" was subsequently denied. Defendant now timely appeals the trial court's judgment.

### Standard of Review

"The decision whether to grant a motion for continuance is committed to the sound discretion of the trial court, and, on appeal, this Court's review is limited to whether the trial court abused that discretion." *State v. Jones*, 479 S.W.3d 100, 111 (Mo. banc 2016). "A court

3

abuses its discretion when its ruling is clearly against the logic of the circumstances then before it and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *State v. Deason*, 240 S.W.3d 767, 771(Mo.App. 2007) (internal quotation marks omitted)). "Reversal is warranted only upon a very strong showing that the court abused its discretion and prejudice resulted." *State v. Edwards*, 116 S.W.3d 511, 535 (Mo. banc 2003). "The party requesting the continuance bears the burden of showing both an abuse of discretion, and prejudice stemming from the court's denial." *State v. Schuster*, 92 S.W.3d 816, 819 (Mo.App. 2003).

**Discussion**

Defendant's sole point relied on states as follows:

> The trial court abused its discretion in denying [Defendant]'s request for a continuance to allow him to secure the presence of Elizabeth Donalson because that ruling was in violation of [Defendant]'s rights to due process of law, a fair trial and to present a defense as guaranteed by the Fifth, Sixth and Fourteenth Amendments of the United States Constitution as well as Article I, Sections 10 and 18(a) of the Missouri Constitution, in that, although this request was not made in writing, there was good cause why it was not, and [Defendant] made a showing that this witness was material and the defense had made reasonable efforts to contact her. [Defendant] was prejudiced by the court['s] denial of his continuance motion because Ms. Donalson would have contradicted K.T.'s testimony, which would have caused the jury to find him not guilty of Count II as they did with Count III.

We disagree.

Rules 24.08, 24.09, and 24.10 govern the claim of error in Defendant's point relied on. "For good cause shown, the court may continue a criminal proceeding to a fixed day, or to a date for trial to be set thereafter." Rule 24.08. "A motion for continuance *shall* set forth in writing the facts upon which the motion is based." Rule 24.09 (emphasis added). The motion *may*, however, be oral if one of the following two conditions are met: (1) "[t]he adverse party consents," *or* (2) "[t]he court finds good cause." *Id.* Where a continuance is sought on account

4

of the absence of witnesses or their evidence, Rule 24.10 requires that a motion for continuance *shall* show all four of the following: (1) "[t]he facts showing the materiality of the evidence sought to be obtained and due diligence upon the part of the applicant to obtain such witness or testimony"; (2) "[t]he name and residence of such witness, if known, or, if not known, the use of diligence to obtain the same, and also facts showing reasonable grounds for belief that the attendance or testimony of such witness will be procured within a reasonable time"; (3) "[w]hat particular facts the affiant believes the witness will prove, and that he knows of no other person whose evidence or attendance he could have procured at the trial, by whom he can prove or so fully prove the same facts"; and (4) "[t]hat such witness is not absent by the connivance, consent, or procurement of the applicant, and such application is not made for vexation or delay, but in good faith for the purpose of obtaining a fair and impartial trial." Rule 24.10.

Here, although not expressly identified in his point, Defendant challenges the trial court's denial of his second continuance motion because that is his only continuance motion based upon calling Donalson as a witness. As to that motion, Defendant concedes that he made "an oral request for a continuance" under Rule 24.09 and that "[t]he State did not consent and the court did not explicitly make a finding of good cause for an oral motion." In the absence of such a finding, an oral continuance motion does not comply with Rule 24.09 and may be properly denied by the trial court for that reason alone. As a threshold issue to his claim of error, therefore, Defendant must demonstrate that the trial court abused its discretion in failing to find Rule 24.09 good cause for considering an oral continuance motion in lieu of the required written continuance motion.

Defendant contends that he demonstrated Rule 24.09 good cause for an oral continuance motion by arguing that

5

[t]his Court should find that there was good cause because [defense] counsel only learned of [Donalson] days before trial. This was due to [Defendant]'s fault, however, he was under the impression that he could not communicate with his attorney until he was paid, which he was unable to do because he lost his job. Because [defense] counsel had very little time to draft and file a motion for continuance due to this impending trial and trial preparation, which included contacting other potential witnesses, this Court should find that there was good cause for not filing a written motion requesting a continuance.

Defendant's argument is unpersuasive for three reasons. First, as found by the trial court and conceded by Defendant on July 18, 2018, Defendant had intentionally ignored repeated attempts by defense counsel to communicate with him to timely prepare for trial. Even after the trial court confronted the Defendant on this issue on that date, Defendant continued to delay communicating with his counsel about Donalson, without explanation, until just three days before the trial was set to begin. Defendant's intentional inaction withheld vital information relating to Donalson and her potential testimony, which would have aided his defense counsel in timely preparing for trial in order to present his defense. As such, Defendant's failure to submit a written continuance motion, as required by Rule 24.09, is directly attributable to Defendant's intentional, repeated, and unwarranted refusal to communicate with his defense counsel.

Second, even assuming without deciding that Defendant had Rule 24.09 good cause for the first continuance motion to be oral rather than written, almost two weeks passed between the presentation and denial of his first continuance motion and the proffer of his second continuance motion. Defendant, therefore, had ample notice directly from the trial court of the need to communicate with his counsel and ample time thereafter to immediately confer with defense counsel about Donalson's potential testimony related to his defense, for defense counsel to then attempt to contact Donalson, and, if Donalson could not be located, for defense counsel to then prepare and file a written continuance motion as required by Rule 24.09. Yet, as noted above, Defendant failed to communicate any Donalson information to his defense counsel until defense

6

counsel was left with only three days before trial in which to attempt to contact her as well as accomplish all the other last minute tasks necessary for defense counsel to be otherwise prepared for trial.

Finally, although Defendant's actions certainly did nothing to affirmatively assist or even alert defense counsel as to Defendant's perceived significance of Donalson's testimony to his defense, Donalson was, nevertheless, an endorsed State's witness, as defense counsel conceded in open court. That endorsement alerted defense counsel early in the case to her existence as a potential witness and afforded defense counsel the opportunity to timely locate and contact Donalson to ascertain the nature and extent of her information relevant to Defendant's case well before the three days immediately before the first day of trial.

Defendant has failed to demonstrate Rule 24.09 good cause for an oral continuance motion. Because the trial court could have properly denied the second continuance motion for that reason, Defendant has failed to demonstrate that the trial court's denial of that motion was clearly against the logic of the circumstances then before it and was so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. *Deason*, 240 S.W.3d at 771. In the absence of an abuse of discretion, Defendant's claim accordingly fails.[2] *Jones*, 479 S.W.3d at 111. Point denied.

## Decision

The trial court's judgment is affirmed.

GARY W. LYNCH, P.J. – OPINION AUTHOR

NANCY STEFFEN RAHMEYER, J. – CONCURS

WILLIAM W. FRANCIS, JR., J. – CONCURS

---

[2] Because Defendant's argument as to Rule 24.09 good cause fails and is dispositive of his point, we need not consider his argument addressing the factual showings required under Rule 24.10.