

# Missouri Court of Appeals
## Southern District

### In Division

STATE OF MISSOURI,                          )
                                            )
    Plaintiff-Respondent,           )
                                            )
v.                                          )    No. SD37474
                                            )
DAVID L. WILLIAMS,                          )    **Filed:  January 24, 2023**
                                            )
    Defendant-Appellant.            )

APPEAL FROM THE CIRCUIT COURT OF MISSISSIPPI COUNTY

Honorable David A. Dolan

**<u>AFFIRMED</u>**

A jury found David L. Williams ("Defendant") guilty of one count of possessing a weapon inside the Department of Corrections.[1]  The circuit court sentenced Defendant to serve 25 years in prison, and that sentence was to run consecutively to any other sentences that Defendant was currently serving.  Defendant's single point on appeal claims the circuit court abused its discretion in denying his request for a mistrial after a State's witness volunteered that Defendant had "an aggressive nature with staff and [had been involved in] multiple staff assaults."  Finding no merit in that claim, we affirm.

---

[1] *See* section 221.111.  Unless otherwise indicated, all statutory references are to RSMo 2016.

1

## Standard of Review

"A mistrial is a drastic remedy to be exercised only in those extraordinary circumstances in which the prejudice to the defendant cannot otherwise be removed." ***State v. Ward***, 242 S.W.3d 698, 704 (Mo. banc 2008).  We review a circuit court's refusal to grant a mistrial for an abuse of discretion.  ***Id.***  "A trial court abuses its discretion when its ruling is clearly against the logic of the circumstances before it and when the ruling is so arbitrary and unreasonable as to shock the appellate court's sense of justice and indicate a lack of careful consideration."  ***Id.***  We review for prejudice -- not mere error -- and we will reverse only if the error is so prejudicial that it deprives the defendant of a fair trial.  ***State v. Norris***, 237 S.W.3d 640, 644 (Mo. App. S.D. 2007).

## The Evidence

On January 30, 2020, Aaron Raines ("Officer Raines") was working as a correctional officer at Southeast Correctional Center.  While performing security checks, Officer Raines walked past Defendant's cell and looked inside.  Defendant was standing relatively close to the cell window, blocking the officer's view of the rest of the cell.  Officer Raines asked Defendant to step away from the window so he could determine whether Defendant had a cellmate.  Defendant did not have a cellmate, but when Defendant stepped away from the window, Officer Raines saw that Defendant was holding a "prison-made weapon in his right[] hand."  The weapon was a tan piece of plastic that had been broken and sharpened, and it had what "appeared to be a sheet or T-shirt as a handle."  Officer Raines described the weapon as six inches in length and approximately one to one-and-a-half inches wide.  When Officer Raines instructed Defendant to submit to restraints, Defendant told Officer Raines to call a sergeant or lieutenant, which he did.

2

Once a supervisor arrived, the supervisor and Officer Raines placed Defendant in restraints and removed him from his cell. As Defendant was being escorted "down the walk[,]" he removed the weapon from the rear of his pants, dropped it on the ground, and attempted to kick it away from him. Officer Raines recovered the weapon.

On cross-examination at trial, counsel for Defendant questioned Officer Raines about wording in his Conduct Violation Report that indicated he had recovered the weapon "later[.]" Officer Raines testified that he had recovered the weapon "on scene." On redirect, counsel for the State asked Officer Raines to clarify what he had meant by "later[,]" to which Officer Raines replied:

A.    A few seconds, few minutes.

Q.    [The weapon] wasn't kicked around the pods, right?

A.    No. I watched exactly where he kicked it. I followed the escort --
       after he kicked it I followed the escort up until the weapon, due to
       [Defendant] having an aggressive nature with staff and multiple staff
       assaults.

Defense counsel objected to Officer Raines's answer and requested a mistrial. The circuit court sustained the objection but denied the request for a mistrial.

**Analysis**

Defendant's point claims the circuit court abused its discretion in overruling his request for a mistrial "after [Officer] Raines volunteered that [Defendant] had 'an aggressive nature with staff and multiple staff assaults'" because the jury should not have been allowed to consider that Defendant had a generally violent character in deciding whether he was guilty of the specific charge against him. Defendant essentially argues that this comment prejudiced him in that the jury may have improperly used this information in convicting him. We disagree.

3

Courts have developed a five-factor balancing test to analyze the prejudicial effect of uninvited evidence of other crimes. ***State v. Graves***, 619 S.W.3d 570, 575 (Mo. App. E.D. 2021). The five-factor test is as follows:

> 1) whether the statement was, in fact, voluntary and unresponsive [to the prosecutor's questioning if the prosecutor asked the question] ... or whether the prosecution "deliberately attempted to elicit" the comments ...; 2) whether the statement was singular and isolated, and whether it was emphasized or magnified by the prosecution, ...; 3) whether the remarks were vague and indefinite, or whether they made specific reference to crimes committed by the accused, ...; 4) whether the court promptly sustained defense counsel's objection to the statement, ... and instructed the jury to disregard the volunteered statement, ...; and 5) whether in view of the other evidence presented and the strength of the state's case, it appeared that the comment "played a decisive role in the determination of guilt."

***Id.*** (quoting ***State v. Smith***, 934 S.W.2d 318, 320-21 (Mo. App. W.D. 1996)).

The circuit court is in the best position to determine whether prejudice resulted from improper commentary. ***Id.*** at 575. Regarding factors one and two, the State's question did not attempt to elicit a reference to any prior bad acts committed by Defendant, and the State did not make any reference to the statement after the objection was sustained. Officer Raines's remarks were brief, isolated, and they were not highlighted for the jury in any way.

As to factor three, Officer Raines's statement that Defendant had "an aggressive nature with staff and multiple staff assaults" was a vague reference to misconduct rather than clear evidence of Defendant's involvement in a prior crime. While "evidence that 'definitely associate[s]' the defendant with another crime is inadmissible to show the defendant has a propensity to commit crimes[,] . . . [v]ague and indefinite references to misconduct do not warrant a mistrial unless the reference is clear evidence of the defendant's involvement in another crime." ***State v. Turner***, 367 S.W.3d 183, 188 (Mo. App. S.D. 2012) (internal citations omitted).

4

As to factor four, whether the court promptly sustained the objection – it did. And Defendant did not request a curative instruction. The potential prejudice that may occur from improper commentary can normally be cured by an instruction to the jury. *State v. Wheeler*, 219 S.W.3d 811, 816 (Mo. App. S.D. 2007) (stating that "[t]he prejudice that can occur from [improper comments on a defendant's right to remain silent] can normally be cured by an instruction to the jury"). "The fact that a defendant declines a curative instruction and seeks no other relief than a mistrial cannot aid his or her cause." *State v. Shelton*, 529 S.W.3d 853, 863 (Mo. App. E.D. 2017).

Finally, as to factor five, Defendant has failed to prove that Officer Raines's comment deprived Defendant of a fair trial. Ample evidence supported Defendant's guilt, given that Officer Raines had witnessed Defendant holding the weapon in his cell, then soon thereafter saw Defendant remove the weapon from his body, drop it to the ground, and kick it away from him.

Under the circumstances present here, the circuit court's denial of a mistrial was not "so arbitrary and unreasonable as to shock the appellate court's sense of justice and indicate a lack of careful consideration." *Ward*, 242 S.W.3d at 704. Defendant's point is denied, and the judgment is affirmed.

DON E. BURRELL, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

GINGER K. GOOCH, J. – CONCURS