Cite as 2023 Ark. App. 94

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CV-22-530

| | |
|---|---|
| NICHOLAS ALLEN BURKS, SR. <br> APPELLANT <br><br> V. <br><br> ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILD <br><br> APPELLEES | Opinion Delivered February 22, 2023 <br><br> APPEAL FROM THE GREENE COUNTY CIRCUIT COURT [NO. 28JV-20-79] <br><br> HONORABLE BARBARA HALSEY, JUDGE <br><br> AFFIRMED; MOTION TO WITHDRAW GRANTED |

**BART F. VIRDEN, Judge**

Counsel for Nicholas Burks, Sr., whose parental rights to Minor Child 1 (MC1) were terminated by the Greene County Circuit Court, has filed a no-merit brief and a motion to withdraw. We affirm and grant the motion to withdraw.

I. *Factual History*

The Greene County Circuit Court terminated the parental rights of Nicholas Burks, Sr., to his two children, MC1 and Minor Child 2 (MC2). Burks appealed the termination, and our court affirmed the termination of his parental rights to MC2 but reversed and remanded as to MC1 because his legal status as MC1's parent was not established before the termination of his parental rights. *Burks v. Ark. Dep't Hum. Servs.*, 2021 Ark. App. 309, 634 S.W.3d 527. On remand, the circuit court held a review hearing on September 29, 2021, at

which Burks was present via Zoom from the Greene County Jail. In an order entered the same day, the circuit court, relying on MC1's birth certificate naming Burks as the father, found that Burks is MC1's parent and appointed him counsel. At the March 2, 2022, permanency-planning hearing, a DNA report showing that Burks is MC1's father was introduced as evidence of his paternity, and in the subsequent order, the circuit court again found that Burks is MC1's parent. The goal of the case remained adoption. On March 7, the Arkansas Department of Human Services (the Department) filed a petition to terminate Burks's parental rights, pleading the following four statutory grounds: twelve months failure to remedy, subsequent factors, sentenced in a criminal proceeding for a substantial period of the child's life, and aggravated circumstances because there was little likelihood that continued services would result in reunification.

At the June 1 termination hearing, Burks testified that he had been incarcerated in the Arkansas Department of Correction (ADC) for approximately a year and a half, and his total sentence was ten years. He had not visited with MC1 since August 2020, and he had not been able to participate in any services at the ADC because they were ceased due to COVID-19. Since he became involved with the case in 2021, he had not requested or been offered any services, but he had participated in the staffings, submitted to a DNA test, and expressed his desire to participate in services. Burks testified that he would not be able to provide a home for MC1 that day because he is incarcerated.

Christy Kissee, the Department supervisor assigned to Burks's case, recommended that Burks's parental rights to MC1 be terminated. She testified that contrary to Burks's

statement, she had offered services to him since she took the case in October 2021. Kissee stated that she gave Burks addressed, stamped envelopes so that he could correspond with the Department and that Burks had sent her a list of relatives he wanted considered for placement, including his mother, his aunt, and his sister. Kissee testified that Burks's mother was not a viable placement because her parole had just ended. Burks's aunt and his sister did not express an interest in having MC1 placed with them after their initial contact with the Department. Burks's cousin appeared at a hearing to be considered as placement for MC1; however, she had true findings in previous Department cases, previous foster-care placement of her child, and a current protective-services case. Kissee clarified that she had not made referrals for a psychological evaluation or a drug-and-alcohol assessment because Burks was incarcerated, and his incarceration was a barrier to his participation services such as drug-and-alcohol assessment, as well as AA/NA meetings, counseling, and parenting classes. His incarceration also prevented him from being given custody of MC1 that day. Kissee stated that the causes for the filing of the petition for dependency-neglect included environmental neglect and illegal drug use, and these causes had not been remedied. Moreover, Kissee opined that there were no other services that could be provided to Burks to achieve reunification and recommended terminating Burks's parental rights. She explained that MC1 had spent over half her life in foster care and that she needed permanency. MC1 was placed in foster care with her sibling, and Kissee testified that it was expected that the foster parents would adopt MC1.

The court entered the order the same day, granting the Department's petition to terminate Burks's parental rights on each of the four statutory grounds pleaded. The court found that it was in MC1's best interest to terminate parental rights, that she is adoptable, and there was potential harm in returning MC1 to Burks's custody. Burks timely filed his notice of appeal.

## II. *Discussion*

Burks's counsel has filed a no-merit brief pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Ark. Sup. Ct. R. 6-9(i) (2022), asserting that there are no meritorious issues that could arguably support an appeal and seeking permission to withdraw as counsel. The clerk of this court mailed a copy of counsel's brief and motion to withdraw to Burks, advising him of his right to file pro se points for reversal pursuant to Ark. Sup. Ct. R. 6-9(i)(3), and Burks has not done so. We grant counsel's motion to withdraw and affirm the order terminating Burks's parental rights.

A circuit court's order terminating parental rights must be based on findings proved by clear and convincing evidence. Ark. Code Ann. § 9-27-341(b)(3) (Supp. 2021); *Dinkins v. Ark. Dep't of Hum. Servs.*, 344 Ark. 207, 40 S.W.3d 286 (2001). Clear and convincing evidence is proof that will produce in the fact-finder a firm conviction on the allegation sought to be established. *Dinkins, supra.* On appeal, we will not reverse the circuit court's ruling unless its findings are clearly erroneous. *Id.* A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Id.* In determining whether

4

a finding is clearly erroneous, an appellate court gives due deference to the opportunity of the circuit court to assess the witnesses' credibility. *Id.* Only one ground is necessary to terminate parental rights. *Lee v. Ark. Dep't of Hum. Servs.*, 102 Ark. App. 337, 285 S.W.3d 277 (2008).

In her no-merit brief, counsel first asserts that any appeal of the statutory grounds for termination would be frivolous. Arkansas Code Annotated § 9-27-341(b)(3)(B)(viii) provides that termination of parental rights may be based on a finding by clear and convincing evidence that the parent is sentenced in a criminal proceeding for a period of time that would constitute a substantial period of the juvenile's life. Counsel argues that the Department proved this ground through Burks's testimony that he had been incarcerated for about a year and a half, and he was serving a ten-year sentence. MC1, who was four years old at the time of the termination hearing, had spent more than half her life in foster care and would be around twelve when Burks was set to be released. It is the prison sentence itself, not the potential release date, that determines whether this statutory ground is satisfied. *Edwards v. Ark. Dep't of Hum. Servs.*, 2016 Ark. App. 37, 480 S.W.3d 215. Counsel correctly states in the argument portion of her brief that the Department need only prove one ground of section 9-27-341(b)(3)(B) to support termination; therefore, we affirm the termination of Burks's parental rights on this statutory ground. *Houseman v. Ark. Dep't of Hum. Servs.*, 2016 Ark. App. 227, 491 S.W.3d 153.

Regarding the circuit court's best-interest finding, counsel has adequately explained that the circuit court found by clear and convincing evidence that it was in MC1's best

interest to terminate parental rights, addressing both the likelihood-of-adoption and potential-harm prongs. *See* Ark. Code Ann. § 9-27-341(b)(3)(A). A caseworker's testimony that a child is adoptable is sufficient to support an adoptability finding. *See Cole v. Ark. Dep't of Hum. Servs.*, 2018 Ark. App, 121, 543 S.W.3d 540. Potential harm must be viewed in a forward-looking manner and considered in broad terms. *Dowdy v. Ark. Dep't of Hum. Servs.*, 2009 Ark. App. 180, 314 S.W.3d 722. Each factor does not have to be proved by clear and convincing evidence; rather, it is the overall evidence that must demonstrate clearly and convincingly that termination is in the child's best interest. *McFarland v. Ark. Dep't of Hum. Servs.*, 91 Ark. App. 323, 201 S.W.3d 143 (2005).

Counsel notes that Department supervisor Christy Kissee testified that there are no barriers to MC1's adoption, and it is expected that her foster family will adopt her. Counsel also adequately explains that the circuit court's finding that MC1 would be at risk of potential harm was based on clear and convincing evidence, noting that though Burks testified that he had maintained sobriety for a substantial time, he had not been able to complete a drug-and-alcohol assessment, attend counseling, or attend AA/NA meetings. Counsel asserts that due to his incarceration and sentence of ten years' imprisonment in the ADC, MC1 could not be placed with him on the day of the termination hearing. As stated above, it is the prison sentence itself, not the potential release date, that determines whether this statutory ground is satisfied; thus, the circuit court's potential-harm finding does not present a basis for meritorious appeal. *Edwards, supra.*

6

Counsel also addresses the adverse rulings, explaining that none constitute a meritorious ground for appeal. Counsel addresses Burks's objection regarding whether Kissee had direct knowledge of the prior cases involving Burks. The court instructed the Department to lay a foundation for Kissee's knowledge and did not rule on the objection. Kissee explained that she had reviewed the case and the records involving the family when it was assigned to her. Counsel then objected to the same question as hearsay. The objection was overruled, as was another hearsay objection to Kissee's statement that services had been offered to Burks since 2016. Counsel correctly states that Burks had already testified to the same information, and neither ruling affected the termination of his parental rights.

Last, counsel asked the court to grant Burks more time to complete the case plan. Counsel asserts that the circuit court did not err in denying this request because not only were the statutory grounds and best-interest determinations based on clear and convincing evidence but also because it was not possible for the court to place MC1 with Burks within a reasonable time from the child's perspective. We have recognized that a child's need for permanency and stability may override a parent's request for additional time to improve his or her circumstances. *Dozier v. Ark. Dep't of Hum. Servs.*, 2010 Ark. App. 17, 372 S.W.3d 849.

We agree that the circuit court was presented with ample evidence on which to find that it was in the child's best interest for Burks's rights to be terminated and that statutory grounds for termination existed; thus, we grant counsel's motion to withdraw and affirm the termination of Burks's parental rights.

Affirmed; motion to withdraw granted.

7

HIXSON and MURPHY, JJ., agree.

*Jennifer Oyler Olson*, Arkansas Commission for Parent Counsel, for appellant.

One brief only.